### ROOT & FEHL v. MURRAY TOOL CO.
#### No. 1175—5497.

Commission of Appeals of Texas, Section B. April 9, 1930.

Turner, Seaberry & Springer, of Eastland, for plaintiff in error.

Grisham Brothers, of Eastland, for defendant in error.

LEDDY, J.

Defendant in error filed a suit against plaintiff in error upon a verified account, and was met by a plea of accord and satisfaction.

The following special issues were submitted to, and answered by, the jury:

(1) "On October 14th, 1926, was there a controversy existing between the parties to this suit over the claim sued upon? Answer yes or no. Answer 'Yes.'"

(2) "Was such controversy, if any, urged in good faith by the defendants? Answer Yes or No. Answer 'Yes.'"

(3) "On October 14th, 1926, when the defendants delivered a check of $254.71, was it agreed between the parties that this would be in full satisfaction of all claims and controversies, if any, theretofore existing between the parties? Answer yes or no. Answer 'No.'"

(5) (Requested by plaintiff.) "Did any one representing the plaintiff in the delivery and cashing of the check for $254.71 know that same was marked as a payment in full of said account? Answer yes or no. Answer 'Yes.'"

Based upon these findings, judgment was rendered in favor of plaintiff in error. The Court of Civil Appeals [16 S.W.(2d) 316, 318] in its original opinion affirmed the judgment of the trial court, but upon reconsideration of the case set aside its former judgment, and reversed and remanded the cause for another trial. In reversing the case on rehearing, the Court of Civil Appeals concluded that the answer of the jury to special issue No. 3 was just as consistent with the theory that there was no tender of the check upon condition that it be accepted in full as that there was such tender.

Considering the state of the evidence, we think the trial court correctly construed the answer of the jury to the special issues. There is no evidence in the record that there was any agreement of the parties at the time the check was tendered that it would *not* be accepted as full payment of the account, as was expressly recited on the face thereof. Plaintiffs in error testified directly and positively that the check was tendered and accepted by defendant in error with the distinct understanding that it was in full settlement of the disputed account. Defendant in error's representative, who accepted the check with a notation thereon that it was in full payment of the account, and that its indorsement by defendant in error would constitute a receipt for the full amount thereof, testified that at the time he accepted the check he stated to plaintiffs in error that he would not accept it as full payment, but he does not attempt to say that plaintiffs in error assented to this proposition. He testified: "When I made the statement to Mr. Fehl that he could make the same deduction again and give me a check for the difference and that he and Mr. Murray would settle that later, *I don't remember just what Mr. Fehl said there.*" With reference to the indorsement on the check he stated: "It was not called to my attention at the time I took the check. If it had been called to my attention I would not have accepted it." The jury found he knew of this notation at the time he accepted and cashed the check. The effect, therefore, of the finding of the jury, when considered in connection with the undisputed facts, is that he accepted and cashed the check with knowledge of the attached condition, merely protesting that it would not be given the effect it purported to have upon its face. The finding of the jury that there was no agreement to accept the check tendered as full payment of the account was merely an acceptance of defendant in error's representative's denial of the agreement testified to by plaintiffs in error. It could not properly be construed as a finding that there was in fact an agreement that the check was not tendered in full payment when no such

agreement was shown by the evidence, and the check accepted and cashed recited that it was in full payment of the disputed account.

The jury, in answer to a special issue submitted at the request of defendant in error, found that at the time its representative accepted said check he knew that the same was marked as payment in full of the disputed account. Under such circumstances, no amount of protest could vary the legal effect of the acceptance and cashing of the check.

 It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account. Stetson-Preston Co. v. H. S. Dodson & Co. (Tex. Civ. App.) 103 S. W. 685; Hunt v. Ogden, 58 Tex. Civ. App. 443, 125 S. W. 386; Daugherty v. Herndon, 27 Tex. Civ. App. 175, 65 S. W. 891; Buford v. Construction Co. (Tex. Civ. App.) 279 S. W. 513; Simms Oil Co. v. American Refining Co. (Tex. Com. App.) 288 S. W. 163.

██ We think, in view of the fact that there was no evidence in the record of any express agreement between the parties that the check was to be accepted only as partial payment, the legal effect of the acceptance with the knowledge of the recital on the check that it was tendered in full payment, as a matter of law, operated to sustain plaintiff in error's plea of accord and satisfaction, entitling it to the judgment rendered by the trial court.

██ If it be conceded, as determined by the Court of Civil Appeals, that "the answer of the jury to special issue No. 3 is just as consistent with the theory that there was no tender of the check upon condition as that there was such tender," even then, under the rule announced by this commission in First Nat. Bank v. Rush (Tex. Com. App.) 246 S. W. 349, it was within the sound discretion of the trial court to construe the answer of the jury to the issue, and its construction thereof, if reasonable, should not be disturbed. In the case just cited, Judge McClendon, speaking for the commission, said: "Special issues and their answers must be considered together as a whole, and if, when so construed, they admit of more than one reasonable construction, the trial court may apply that reasonable construction which he deems proper."

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed, as recommended by the Commission of Appeals.