## KEAN v. SOUTHWEST NAT. BANK OF DALLAS et al.
### No. 2683.

Court of Civil Appeals of Texas. El Paso.
June 2, 1932.

Goggans & Ritchie, of Dallas, for appellant.

Kilgore & Rogers, of Wichita Falls, and Bartlett, Thornton & Montgomery and Eugene De Bogory, all of Dallas, for appellees.

WALTHALL, J.

This suit was brought by appellant, L. P. Kean, against the Southwest National Bank

of Dallas, Tex., and certain of its directors and the Republic National Bank & Trust Company of Dallas, to recover judgment for a balance of approximately $1,666.66 alleged to be due on a fee for services rendered as auditor by appellant's assignor, O. Currin & Co., to said Southwest National Bank of Dallas.

The contract for the performance of such services as auditor was entered into by said Southwest National Bank of Dallas with O. Currin & Co.; and undivided one-half interest in the contract was assigned by said O. Currin & Co. to appellant, L. P. Kean; the remaining one-half interest was assigned to the Republic National Bank & Trust Company of Dallas. Appellant alleged that under the contract he was entitled to receive a one-half interest in one-third of any recovery above approximately $38,000 made by the said Southwest National Bank of Dallas and North Texas National Bank in a suit against the Royal Indemnity Company and American Surety Company on their certain bonds executed in behalf of one Spangler, and that said banks duly recovered final judgment against said surety companies for $57,500, and that said Southwest National Bank of Dallas accepted in satisfaction of said judgment the sum of $47,500 and paid to appellant compensation under said contract on said sum of $47,500.

Appellant alleged that said settlement for $47,500 was fraudulently made, as in the petition stated; that there was no consideration for or reason why such compromise settlement should have been made by the directors of said bank, which it did, and without conferring with its attorneys or the attorneys for its associate, the North Texas National Bank, or said O. Currin & Co., as provided by the contract; that said Southwest National Bank of Dallas has failed to pay appellant the compensation due him under said contract based on the sum of approximately $10,000 deducted from the amount recovered when such settlement was made.

The Republic National Bank & Trust Company was made a party in the suit as owning an interest in the amount due under said contract.

The Southwest National Bank of Dallas answered; it impleaded said American Surety Company and asked judgment conditionally, over against it. It further alleged that it had paid to appellant Kean the sum of $2,-238.12, in full payment for the amount due him under said contract, and that appellant in settlement had delivered to said bank his receipt in writing acknowledging such payment to be in full payment for the moneys due him, and that appellant is thereby estopped to seek any further recovery against it.

The other defendants in the suit and the American Surety Company answered, and their defensive answers present issues similar to that of the Southwest National Bank of Dallas.

Appellant by his supplemental petition alleges that any sum of money paid him by the Southwest National Bank of Dallas in connection with the Spangler audit was paid on account of the amount due him by said bank, with the full understanding and agreement that same did not constitute full payment of all sums due or to become due and owing to him, and that same did not constitute an accord and satisfaction of the debt due him by said bank.

The case was tried without a jury. Judgment was rendered denying appellant recovery, and dismissing the bank's cross-action against the surety company.

Appellant, Kean, prosecutes this appeal.

### Opinion.

The trial court did not make and file findings of facts.

Appellant submits two propositions. The first is to the effect that the auditor is entitled to the payment of the full amount of his compensation, even though the bank compromised with the surety company and accepted an amount substantially less than the amount of the judgment, where such compromise settlement was made by the bank without the consent of its attorneys or said auditor.

The second proposition is directed to the payment made by the bank to appellant of an amount substantially less than the amount claimed by appellant to be due in full for the Spangler audit. The payment was made to appellant by check bearing the indorsement: "This check issued in full payment for Spangler suit. Make endorsement below." Appellant received the check and indorsed the check as directed. The second proposition is to the effect that the acceptance and indorsement of the check does not constitute an accord and satisfaction of such claim where such check was drawn, executed, and delivered by an employee of the bank professedly in accordance with a resolution of the board of directors of such bank, but which resolution provides that such sum (as stated in the check) is to be applied on the amount due by the bank to the auditor, and such check was received by the auditor under protest, and with the understanding that he would sue the bank for the remainder due.

Appellees submit that, under the contract between the bank and the auditor providing for compensation upon a percentage of recovery by the bank and in which contract the bank does not waive its right to settle the suit, the auditor is entitled to compensation upon the amount for which the bank, in good faith, settled the suit; that, the bank having settled with the surety company while the suit was

pending in the Supreme Court, and paid the auditor the contract percent of such settlement, such payment was final.

The second counter proposition is to the effect that, where the bank, in good faith, settled the suit with the surety company before there was a final judgment, and the bank issued its check to the auditor with the indorsement thereon: "This check is issued in full payment for Spangler audit," and such check is accepted by the auditor, same constitutes an accord and satisfaction.

We think it well to make a brief statement of the facts from the record. The Southwest National Bank of Dallas entered into a contract with O. Currin & Co., auditors, by which it employed such auditors to audit the accounts of the North Texas National Bank and Southwest National Bank of Dallas with reference to the shortage of one W. C. Spangler, the shortage estimated to be approximately the sum of $38,000. The compensation to be paid the auditors was a flat fee of $500, plus an additional sum of $2,000, if the banks recovered their full claim of $38,000. One paragraph of the contract provided that, if the banks recovered any amount in excess of $38,000, the auditors were to receive one-third of such excess as additional compensation. The banks sued the Royal Indemnity Company and American Surety Company, Spangler's sureties, and recovered judgment for $61,717.78, principal and interest.

A compromise settlement between the Southwest National Bank of Dallas and the surety company was made by E. O. Terry, liquidating agent of the bank, under instructions of the bank's board of directors, as evidenced by a resolution in the record.

An undivided one-half interest in the proceeds in the contract between the bank and the auditors was assigned by the auditors to appellant Kean.

The contract between the banks and the auditors referred to provides: "The attorneys for the Banks will confer with Currin & Company with reference to any propositions of settlement that may arise between the bonding companies and the Banks, it being understood, however, that the Banks shall be free to follow their own judgment as to any settlement that may be thought to the best interests of the Banks."

The settlement between the bank and the surety company was not made with the advice and consent of the attorneys for the Southwest National Bank of Dallas, nor did the bank directors consult with the auditors in the matter of the settlement.

At the time of the settlement the judgment in favor of the banks against the surety companies had been affirmed by the Supreme Court of Texas; a motion for a rehearing, filed in good faith, was pending. It is observed that, in the contract, Currin &

Co., Kean's assignors, reserved no right to approve a settlement, and the banks reserved the right to exercise their own judgment as to any settlement they thought to their best interest. We think, under the reservation in the contract, in the absence of fraud, and acting in good faith, the banks could settle their judgment with the surety company without liability to appellant. The authorities support that view. R. C. L. vol. 2, page 1000, and R. C. L. Permanent Supplement, vol. 1, page 592, § 80, even in the absence of contract.

The bank paid to Kean the amount of the auditing fee due, based upon a recovery of $47,000 only, but did not pay any part of the fee based upon the difference in amount between the judgment recovery and the compromise settlement.

When Kean accepted the $2,238.12 check from Terry, the bank's liquidating agent, he did so under protest, claiming to Terry that the amount of the check was not the full amount due him, and that he would require the bank to pay the balance due on his fee, even if he had to bring suit, Terry remarking to Kean "that was all he could do." Without copying the resolution in full, it instructed Terry to make settlement with "Kean in the sum of $2,238.12, on audit fee."

While Kean accepted the check under protest, claiming at the time that the check was not in full payment of the amount due him, and that he would require of the bank the payment of the balance due, the conversation between Kean and Terry, as disclosed by the record, shows that a controversy existed between Kean and the bank over the claim now sued upon; the conversation between them does not express an agreement between them that the check was to be accepted by Kean as a partial payment of the claim. The check on its face expressed a payment in full of the indebtedness and was tendered as a payment in full settlement. The question presented is, Do the facts show, in legal effect, an accord and satisfaction? We have concluded that they do.

In Root & Fehl v. Murray Tool Company (Tex. Com. App.) 26 S.W.(2d) 189, 191, 75 A. L. R. 902, under a similar state of facts, the Commission of Appeals said: "Under such circumstances, no amount of protest could vary the legal effect of the acceptance and cashing of the check. It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same

with the condition, but is only applying the same as a partial payment on the account." The opinion refers to a number of Texas cases so holding. Under both of appellant's propositions the authorities are against his contentions.

The case is affirmed.