## HOWELL v. NATIONAL BANK OF COM-MERCE et al.

### No. 11412.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1944.

Rehearing Denied July 26, 1944.

Boyle, Wheeler & Gresham, of San Antonio, for appellant.

Seeligson, Cox & Patterson, House, Mercer, Edwards & Irvin, Trueheart, McMillan & Russell, and Brewer, Matthews, Nowlin & Macfarlane, all of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from a judgment based upon a peremptory instruction that appellant, G. C. Howell, take nothing as against appellees, National Bank of Commerce and Alamo National Bank.

We hold that the trial court properly instructed the jury to return a verdict in favor of the appellee banks, for the reason that facts as developed upon the trial, when viewed from a standpoint most favorable to the appellant, demonstrate that Howell's cause of action was one for money had

and received and hence subject to the bar of the two-year statute of limitations. Article 5526, Vernon's Ann.Civ.Stats. The evidence does not show a cause of action on the part of Howell which can properly be classified as an "action for debt where the indebtedness is evidenced by or founded upon any contract in writing," so as to make applicable the four-year statute of limitations. Article 5527, Vernon's Ann. Civ.Stats.

Such facts as are necessary to indicate the basis of our holding are as follows:

In 1935 and 1936, Howell had two bank accounts with the Commerce Bank. His office manager and bookkeeper was authorized to draw checks upon both accounts. By means of checks drawn against Howell's bank account and made payable to the Commerce bank, Howell's employee purchased from said bank four cashier's checks for the total sum of $3,501.19. These checks were dated October 18, 1935, March 19, 1936, June 30, 1936, and September 19, 1936.

While the payees designated in the cashier's checks were actual persons, the checks were never delivered to them. Howell's bookkeeper indorsed the name of each payee, as well as his own name on the back of each check and deposited the proceeds thereof to his credit in the Alamo National Bank. The Alamo Bank sent the checks through the clearing house with its indorsement guaranteeing the validity of all prior indorsements. The Commerce Bank paid the checks on October 22, 1935, March 24, 1936, July 5, 1936, and September 24, 1936. Howell filed this suit on October 19, 1939.

As between Howell and his employee, the bookkeeper had no authority to issue checks upon Howell's account except to pay Howell's debts. Howell was indebted to none of the payees named in the cashier's checks.

Howell contends that as it was his money that purchased the checks he became the owner thereof and his suit is one based upon the cashier's checks.

■ A cashier's check is a bill of exchange in which the issuing bank occupies the dual position of drawer and drawee. The written contractual obligation evidenced by the cashier's checks was that of the Commerce Bank to pay a designated sum of money to the payees named in the checks. Obviously, Howell's claim here is not one for performance of the written obligation evidenced by the checks.

In Shaw v. Bush, Tex.Civ.App., 61 S.W. 2d 526, 528, the rule applicable to the four-year statute (Article 5527) is stated as follows:

"* * * In order for an action to be one for an indebtedness evidenced by or founded upon a contract in writing, as referred to in the above quoted statute, the suit must be between the immediate parties to the contract, or those for whose benefit it was made, or their privies, and the written instrument relied upon must itself contain a contract to do the thing for the nonperformance of which the action is brought. * * *"

See also 28 Tex.Jur. 113, § 34.

■ Howell's complaint or action stems originally and primarily from the unauthorized (as between him and his bookkeeper) appropriation of his funds and the transfer thereof to the Commerce Bank in exchange for the cashier's checks. Since Howell's funds were used to purchase the cashier's checks, he was entitled to recover his money from the Commerce Bank provided, of course, said bank had not, prior to his demand, paid out the funds in compliance with the terms of the cashier's checks issued by it. In legal contemplation, a bank paying out money on a forged indorsement pays out its own funds. 9 C.J.S., Banks and Banking, § 356, p. 734; 7 Am.Jur. 430. Consequently, here the Commerce Bank did not pay out the money transferred to it by the checks on Howell's account and signed by his bookkeeper, but still retains possession of such funds.

■ Actions such as that asserted by Howell here and brought to enforce the liability above stated are generally considered as actions for money had and received, that is, actions for the enforcement of an implied contract, rather than actions upon an expressed or written contract. The two-year and not the four-year statute of limitations is therefore applicable. Fidelity & Deposit Co. v. Fort Worth National Bank, Tex.Com.App., 65 S.W.2d 276; United States Fidelity & Guaranty Co. v. First National Bank of El Paso, Tex.Civ.App., 93 S.W.2d 562; 7 Am.Jur. 431.

In view of our holding that Howell's action is barred by Article 5526, it is unnecessary to discuss other defenses asserted by the banks against Howell's demand, or the

Commerce Bank's contention that in the event of a recovery by Howell it is entitled to a recovery over against the Alamo Bank by reason of the latter's guaranty of the validity of the forged indorsements.

The judgment of the trial court is affirmed.