## TARRANT WHOLESALE DRUG CO. v. KENDALL et ux.
### No. 11961.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 19, 1949.

Hyde, Barber & Shireman, Corpus Christi, Harold Alberts, Corpus Christi, for appellant.

Lyman & Pittman, Corpus Christi, for appellees.

NORVELL, Justice.

Appellant submits this appeal upon six points of error. The appellees present serious objections to our consideration of any of these points because of the lack of proper foundation in the motion for new trial. Two of the points (the third and sixth) seek to question the sufficiency of the evidence to support the jury's findings in answer to Special Issues Nos. 4 and 16. The sixth point, relating to Special Issue No. 16, asserts that said issue was not a controlling one. Even if this contention be true, it appears that appellant was not prejudiced in any way, consequently, no reversible error is shown.

We are of the opinion that the third point, relating to Special Issue No. 4, may be considered. This issue relates to appellees' defense of accord and satisfaction.

This action grew out of certain contracts relating to the sale of whiskey by the appellant to the appellees. The appellant's second amended original petition, upon which they went to trial, declared upon a verified account for the sum of $6,723.65. The appellees denied under oath the correctness of the account and alleged that they had paid to appellant the sum of $1,474.45 in full settlement of said claim. The jury found that the account was true and correct, but also found in favor of appellees upon their plea of accord and satisfaction.

The jury found that on December 10, 1946, a dispute existed between the parties relating to the claim sued upon (Special Issue No. 2) ; that the dispute was urged in good faith by the appellees (Special Issue No. 3) ; and that under all the facts and circumstances the appellant retained possession and control of a cashier's check for $1,474.45 for an unreasonable length of time (Special Issue No. 4).

It is this answer to Special Issue No. 4 which appellant asserts is contrary to the evidence.

The record discloses that appellant and appellees entered into certain agreements relating to the purchase of whiskey, and that as a result appellees paid out the sum of $6,750 which they claimed should be properly offset against appellant's account. The appellant took the position that this $6,750 was paid to a third party and hence was not a proper offset. This resulted in a dispute which the jury found was urged in good faith by the appellees. On December 10, 1946, the appellees wrote a letter to appellant in which they reviewed the controversy. Appellees admitted that they owed the sum of $6,724.45, but asserted that they were entitled to a credit of $5,250, which was the balance remaining of the $6,750 above mentioned. A cashier's check for $1,475.45 payable to appellant was enclosed in the letter, which contained the statement that the check was *"being sent to you only in full and final payment and settlement of any and all amounts owed by us* or by Hotel Liquor Store or Hotel Package Store of Corpus Christi, Texas, to you under the terms of any and all contracts and agreements outstanding with you or by ourselves or said store."

On December 13, 1946, the attorney for appellant wrote a letter to appellees which contained the following statement, "The cashier's check which you tendered in the amount of one thousand four hundred seventy-four dollars and forty-five cents ($1,474.45) *is hereby refused and not accepted, except as a part payment of your account."*

On December 19, 1946, appellant filed its original petition in this action, alleging that appellees had tendered a check for $1,474.45 but had failed and refused to make any additional payments. Appellant prayed for judgment against appellees for $5,625 "in addition to the tendered check for $1,474.45."

On October 22, 1947, appellant filed a first amended petition in which it was alleged that appellees "tendered a check for $1,474.45, which check was refused and is here now tendered into the registry of the court, and (appellees) have failed and refused to make any additional payments."

On November 1, 1948, appellant filed its second amended petition setting up a sworn account. This was the petition upon which the trial was had, and it contained an allegation that the check for $1,474.45 "was refused and is now tendered into the registry of the court."

In Root & Fehl v. Murray Tool Company, Tex.Com.App., 26 S.W.2d 189, 191, 75 A.L.R. 902, it was said that: "It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, *the creditor must either refuse to receive the check or accept the same burdened by its attached condition.* If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account." (Italics ours.)

Appellant contends that the fact that the tendered check was not cashed distinguishes this case from the one cited. The check here involved was a cashier's check, and the appellees occupied the position of remitters in that they had purchased and procured a check drawn upon a bank for the purpose of paying an obligation owed by them to the appellant who was named as payee in the check. Appellees were not, however, parties to the instrument. When they paid over their money to the bank for the check, said money became the property of the bank and appellees were effectively deprived of the use thereof. In exchange for the money, appellees secured the bank's written contractual obligation to pay to appellant a designated sum of money, the appellant being the payee and the bank occupying the dual position of drawer and drawee. Howell v. National Bank of Commerce, Tex.Civ.App., 181 S.W.2d 837, wr. ref. The check was a bill of exchange drawn by the bank upon itself, which was accepted when issued. The bank would not be required to recognize a demand by appellees as remitters for the

return of the purchase money paid for the check after appellees had parted with possession of the check. Cashier's checks are regarded substantially as the money which they represent. 7 Am.Jur. 379, § 525.

In the case of Day-Luellwitz Lumber Co. v. Serrell, 177 Ill.App. 30 (excerpt set out in 34 A.L.R. 1058), it was said that: "A draft or check of any third person and a fortiori of a banking institution is not the same thing in fact, and we do not think it is the same thing in law, when so sent, as the debtor's own check or draft. In the case of the sender's own check or draft, it is but his order on funds which cannot be disturbed or withdrawn from his control and use until it is presented; but, if it be a cashier's check, it is something for which the debtor has paid consideration, and which has tied up out of his use and control the amount which he paid, or is charged for it, unless and until it is returned to him. Therefore, while it may well be that some affirmative use of the debtor's check or draft may be necessary to bind the creditor, the mere neglect or refusal promptly to return the check of a third party and thus place the debtor in statu quo, might, with equal reason, be held to foreclose such a creditor from subsequent action. The return of the cashier's check after an unreasonable delay practically changes the condition of things no more than would the voluntary refunding to the debtor, after the same length of time, of the amount for which his own check had been cashed promptly on reception."

■ The case of State v. Tyler County State Bank, Tex.Com.App., 277 S.W. 625, 42 A.L.R. 1347, Id., Tex.Com.App., 282 SW. 211, 45 A.L.R. 1483, was a suit by the State as payee against the bank (and its sureties) as the drawer and drawee of certain cashier's checks, and is not an authority for the proposition that a remitter who is not a party to the instrument may countermand a cashier's check. As a general rule, the remitter may not countermand a cashier's check. 7 Am.Jur. 439, § 604.

■ Considering the nature and the qualities of the check here involved, we are of the opinion that the failure to return the check tendered in settlement of a disputed claim within a reasonable time, must be regarded in law as an acceptance of the compromise offer. It was so held in Willis v. City National Bank of Galveston, Tex. Civ.App., 280 S.W. 270, wr. ref.

■ Under the evidence, the jury was authorized to find that appellant had retained possession and control of the cashier's check for an unreasonable length of time. When the check was tendered upon condition that it be accepted in full payment, it became the duty of appellant to either accept or refuse the tender. It could not retain possession of the check, thus depriving appellees of the use of the funds, and at the same time insist that it was refusing the offer. For, upon a refusal of the offer, the check should have been returned to appellees and a tender of the check into court did not meet this requirement. It appears that from the time the cashier's check was purchased, on or about December 10, 1946, until the time of trial in November, 1948, appellees were effectively deprived of the use of $1,474.45, by appellant's action in failing to return the cashier's check.

The jury could well conclude that appellant's retention of control of the check was unreasonable.

Appellant's remaining points (first, second, fourth and fifth) assert that the appellant was entitled to judgment on the verdict of the jury. Assuming that these points were properly supported by motions in the court below, we are of the opinion that the jury findings support the judgment.

No reversible error is shown. All of appellant's points are overruled and the judgment appealed from is affirmed.

SMITH, C. J., absent.