**Emory F. BURGAMY, Appellant,**

v.

**Paul E. DAVIS, Appellee.**

No. 15912.

Court of Civil Appeals of Texas.

Fort Worth.

May 9, 1958.

Chas. O. Patterson, Fort Worth, for appellant.

H. Langdon Reaves, Fort Worth, for appellee.

RENFRO, Justice.

Appellant Burgamy, as plaintiff, sued appellee Davis for the sum of $328.73 and foreclosure of a mechanic's and materialmen's lien. Defendant pleaded accord and satisfaction. Trial, without a jury, resulted in judgment for defendant.

Findings of fact and conclusions of law were filed by the trial court.

The court found: Appellant and appellee entered into an oral contract by the terms of which appellant was to furnish material and labor, on a cost plus basis, for plumbing modifications in a house owned by appellee. Prior to completion of the contract, appellant made demand on appellee for the sum of $328.73, which appellee paid on March 19, 1957. About the 22nd of March, appellant completed the job and made demand for an additional $537.45. About the first of April, a dispute in good faith arose between appellant and appellee as to the amount due appellant. Thereafter, while the dispute still existed, appellee delivered a check in the sum of $208.73 to appellant, with the words, "Payment of account in full," written on the check. The check was intended to be in full payment of the disputed claim. Appellant accepted and received the amount of the check.

In eight conclusions of law the court held there was an accord and satisfaction which was conclusive on appellant.

The findings of fact, in so far as they are material to appellee's defense of "accord and satisfaction," are challenged by appellant as being supported by no evidence, or by insufficient evidence

The testimony of both appellant and appellee is to the effect appellee contended the charges were excessive and appellee so told appellant. Appellee had demanded, and been refused, an itemized statement covering the first half of the work. Appellee informed appellant he planned to send another plumber to inspect the work. The dispute had not been settled when appellee sent the check of April first. Appellant admitted that, without communicating with appellee, he marked out the words, "Payment of account in full," and wrote on the check the words, "Paid on account," endorsed the check and deposited it to his account.

■ A trial court's findings will not be disturbed by the appellate court where there is some evidence of probative force to support them, even though the evidence is conflicting and the appellate court possibly might have reached a different conclusion. 3-B Tex.Jur., p. 457, sec. 941. In our opinion the evidence was sufficient to support the trial court's findings of fact.

■ Sufficient consideration for accord may inhere in or arise out of a dispute as to liability upon a liquidated claim. This presupposes that denial of liability, in whole or in part, is not merely factitious or mala fides. Ortiz Oil Co. v. Geyer, Tex.Com. App., 138 Tex. 373, 159 S.W.2d 494; Simms Oil Co. v. American Refining Co., Tex.Com. App., 288 S.W. 163.

■ The test is not whether the debtor was correct in his contention, in that he really had a legal or equitable defense to the claim in whole or in part, but consists in the fact that he in good faith urged or asserted a defense which he really believed was substantial. 1 Tex.Jur., p. 273, sec. 31.

■ If the one who is sought to be held liable in good faith urges a defense which he believes to be substantial, and which he claims will defeat the demand in whole or in part, and in good faith raises a controversy and dispute as to his liability, a settlement and compromise of the demand, based upon such contention, will not be disturbed. Existence of a dispute of that character affords a good consideration for the new agreement of accord. Franklin Ins. Co. v. Villeneuve, 25 Tex.Civ.App. 356, 60 S.W. 1014.

In Firestone Tire & Rubber Co. v. White, Tex.Civ.App., 274 S.W.2d 452, 454, the court recognizes the rule " 'where a claim is unliquidated or disputed, the cashing of a check marked "in full payment" is a binding accord and satisfaction and extinguishes the claim * * *. The cashing of the check is held to constitute an acceptance even though the words "in full pay-

ment" are erased by the creditor before he cashes the check.' "

■ It is well settled that when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on account. Root & Fehl v. Murray Tool Co., Tex.Com. App., 26 S.W.2d 189, 75 A.L.R. 902; 1 Tex. Jur., p. 277, sec. 34; Daugherty v. Herndon, 27 Tex.Civ.App. 175, 65 S.W. 891; Stetson-Preston Co. v. H. S. Dodson & Co., Tex.Civ.App., 103 S.W 685.

■ When appellant, knowing appellee was disputing in good faith the amount of the claim, received the check marked "Payment of account in full," he was given the option either to accept the check as full payment or to return the check to appellee, unaccepted, and hold appellee for his full claim He chose to accept and deposit the check to his account. Under the findings of the trial court, there was a valid accord and satisfaction. Buford v. Inge Const. Co., Tex.Civ.App., 279 S.W. 513; Hunt v. Ogden, 58 Tex.Civ.App. 443, 125 S.W. 386, error refused; Great Western Garment Co. v. Malouf, Tex.Civ.App., 105 S.W.2d 262; Texas & P. Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591.

The judgment of the trial court is affirmed.

Affirmed.