**HYMAN INVESTMENT COMPANY,**
**Appellant,**

v.

**L. M. TOMERLIN, Appellee.**

No. 13488.

Court of Civil Appeals of Texas.

San Antonio.

June 10, 1959.

Rehearing Denied July 7, 1959.

Levey & Goldstein, San Antonio, for appellant.

Frank J. Alvarado, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by L. M. Tomerlin against Hyman Investment Company, seeking to recover the sum of $995 for work done and services rendered in removing a cement curb and leveling the south end of a lot located at the corner

of West Commerce and Cameron Streets in San Antonio, Texas, under an alleged implied contract with defendant. The trial was to a jury and resulted in judgment in favor of plaintiff for the amount prayed for and Hyman Investment Company has appealed.

The parties had entered into a written contract on August 30, 1957, the pertinent part of which reads as follows:

"Second Party has agreed and by these presents does agree to wreck, demolish and remove the buildings owned by First Party and located on the Northeast Corner of West Commerce and Cameron Streets in the City of San Antonio, Bexar County, Texas, and to clean and remove the debris from off of said lot, including protruding pipes, wires and other obstructions above the lot level and fill basement to same level."

Prior to December 23, 1957, appellee informed appellant that he had completed his contract and wanted the balance due him under the written contract. Sam L. Hyman, President of appellant, refused payment, contending that it was appellee's duty, under the written contract, to remove the concrete curb and level the south end of the lot to the sidewalk. This was disputed by appellee, but when Hyman refused to pay him until this work was done he agreed, and proceeded to remove the curb and level the lot at considerable expense to himself. When he had completed the work appellant gave him a check dated December 27, 1957, in the amount of $538.32, marked upon it, "Payment in Full on Contract of $3,000.00." (The consideration expressed in the written contract was $3,000.) Appellee accepted the check and cashed it. Thereafter appellee instituted this suit on February 8, 1958.

Appellee contends that the work he did in removing the concrete curb and leveling the lot was extra work not covered by the written contract, and that inasmuch as the work was ordered by Hyman there was an implied contract to pay for the reasonable value of such work. Appellant contends that inasmuch as a bona fide dispute arose between the parties as to whether this work was called for by the written contract, and Hyman having refused to pay the balance due until the work was done and appellee having agreed to do the work, and having accepted the check as payment in full on the contract, cannot now contend that he is entitled to more money under an implied contract.

The facts further show that the level of the lot on the property side was that of the top of this concrete curb, while the level on the sidewalk side was some eighteen inches lower. The fact that the dirt on the property side was level with the concrete curb was discovered only after the building had been removed. Here a bona fide controversy arose between the parties as to whether the removing of the curb and the leveling of the south end of the lot was covered by the written contract. Ultimately, appellee agreed to do the work and after he had done so, accepted the check as payment in full for the contract; therefore, he is not now in a position to contend that he should be paid a further sum for such work under an alleged implied contract.

The law is clear that the settlement of an unliquidated claim or a liquidated claim which has been disputed in good faith, is of itself a sufficient consideration to support the accord. 1 Tex.Jur. 271, § 30; 34 A.L.R. 1044; Hunt v. Ogden, 58 Tex. Civ.App. 443, 125 S.W. 386; Root & Fehl v. Murray Tool Co., Tex.Com.App., 26 S.W.2d 189, 75 A.L.R. 902; Kean v. Southwest National Bank of Dallas, Tex.Civ. App., 50 S.W.2d 839; Burgamy v. Davis, Tex.Civ.App., 313 S.W.2d 365.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing.