**J. G. GROVES, Appellant,**

v.

**N. C. SAWYER, Appellee.**

No. 3933.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Dec. 4, 1964.

Perkins, Floyd, Davis & Oden, Alice, for appellant.

David A. Grose, Alice, for appellee.

GRISSOM, Chief Justice.

J. G. Groves sued N. C. Sawyer for $542.63, alleged to be the balance due for work and material furnished by Groves in constructing a motel for defendant. Sawyer answered that after Groves had completed his contract and presented Sawyer with said claim, which Sawyer disputed, Sawyer executed and delivered to Groves his check for $269.25, writing on the reverse side above the place for Groves' endorsement: "Payment in full for all labor and material and in full settlement for contract performed by me on the property known as Sands Motel * * *. The acceptance of this check acknowledges settlement in full"; that (1) the check was tendered to Groves in full settlement of his disputed claim and that Groves accepted and cashed the check in full satisfaction and discharge of his cause of action; (2) that Groves retained the check for nearly five months and then on October 28, 1963, returned it to Sawyer, who sent it back to Groves on the day he received it, stating that it was being returned because Sawyer had tendered it in full payment of Groves' claim and Groves had accepted and retained it for nearly five months and, therefore, there was an accord and satisfaction; that plaintiff again, on November 1st returned the check to defendant, who promptly returned it to plaintiff with the statement that it was not being returned to him as part payment of Groves' claim but that it had theretofore been tendered to and accepted by plaintiff in full settlement by retaining the check for five months and, further, that thereafter Groves endorsed the check, scratched out the condition placed thereon by Sawyer, cashed it and kept the money, and there was an accord and satisfaction of plaintiff's claim.

Sawyer filed a motion for summary judgment supported by affidavits and corre-

spondence between the parties showing the facts alleged by him. Plaintiff answered that there was a genuine issue as to a material fact; that Groves had delivered the uncashed check to his attorney with the instruction that he would not accept it as full payment of his claim and that the correspondence attached to defendant's motion showed that the check was cashed only as part payment, not in full settlement, of plaintiff's claim and that the question whether plaintiff accepted the check in satisfaction of plaintiff's entire claim was one of fact. The court sustained defendant's motion and entered judgment accordingly. Groves has appealed.

Appellant contends the court erred in holding there was an acceptance of the check by retention thereof for five months. This point will not be further noticed because, although it was alleged as one of appellee's defenses, Sawyer concedes that it merely raised a question of fact and therefore, of itself, is insufficient to support the summary judgment. But, appellee says summary judgment was required because it is undisputed that Groves cashed the check tendered to him upon condition that he accept it as full payment of his claim.

Defendant's motion, the attached correspondence and affidavits disclose a bona fide dispute as to the correctness and liability of defendant for plaintiff's unliquidated claim, a tender of defendant's check for a lesser amount than claimed by plaintiff upon condition that it be accepted as full payment and that, knowing that condition, plaintiff accepted the check, cashed it and retained the proceeds. (See Franklin Insurance Company v. Villeneuve, 25 Tex. Civ.App. 356, 60 S.W. 1014, 1016; Burgamy v. Davis, Tex.Civ.App., 313 S.W.2d 365, 368; 1 Tex.Jur. 273.) Groves thereby bound himself to accept the money he obtained by cashing appellee's check as full payment of his claim. It is immaterial that at the time he cashed the check he scratched out the condition placed thereon by appellee to the effect that it was full payment of all appellee owed appellant.

Appellant could not avoid being bound by scratching out such condition when he cashed the check. Where " * * * there is a bona fide dispute as to the correctness of an account, and the debtor tenders his check to the creditor on condition that it be accepted in full payment, the creditor must either refuse to receive the check, or accept it burdened with its attached condition." 1 Tex.Jur.2d 232. Also see Hines v. Massachusetts Mutual Life Insurance Company, Tex.Civ.App., 174 S.W.2d 94.

In Root & Fehl v. Murray Tool Company, Tex.Com.App., 26 S.W.2d 189, 75 A.L.R. 902, it was held that a creditor who accepts and cashes a check tendered as full payment of a disputed claim cannot vary the legal effect of such acceptance as an accord and satisfaction by protesting that he is accepting the check as part payment only. In 75 A.L.R. 916 the statement is made that, generally, where a claim is unliquidated or disputed and remittance of an amount less than that claimed is sent to the creditor with a statement that it is in full satisfaction of his claim, and such tender is accompanied by acts or declarations that amount to a condition that, if the remittance is accepted, it is accepted in full satisfaction of the disputed claim and the creditor is aware of the condition, acceptance constitutes an accord and satisfaction, although the creditor protests at the time that the amount is not accepted in full satisfaction. The substance of that rule is again stated to be the law in 13 A.L.R.2d at page 736.

In Texas & Pacific Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591, 592, the court peremptory instructed a verdict for the defendant. The sole question presented to the Supreme Court was whether Poe, who claimed to have been injured while in the employment of the defendant, might settle his cause of action by accepting and cashing a draft which recited that it was in full settlement of his injuries and then maintain a suit for such injuries. The Supreme Court answered the question, "no". It said, in answer to Poe's contention that a ques-

tion of fact was raised, "There are other barriers which are insuperable to his recovery. Admitting that Poe signed only a receipt for the draft, the fact remains unchallenged that he received the draft for an amount in excess of his time, and that the draft contains plain and unmistakable words that it was in full and complete settlement of his injuries. The draft also bore on its reverse side, where Poe was to endorse same, the further notice: 'Read before endorsing.' The evidence is undisputed that he kept the draft in his possession for several days, and that he had ample opportunity to read it and understand its contents. He then cashed the draft and retained the proceeds thereof.

\* \* \* \* \* \*

"The basis of the railway company's defense to Poe's claim in this suit is not narrowed merely to the release signed by him, but such defense also rests on the draft accepted and cashed by him. Under the state of this record, Poe was concluded from a recovery against the railway company by the acceptance and cashing of the railway company's draft and the retention of the proceeds."

The Supreme Court made the same holding in Missouri, K. & T. R. Co. of Texas v. Morgan, Tex.Com.App., 210 S.W. 512, 514. See also Early-Foster Co. v. W. F. Klump & Co., Tex.Civ.App., 229 S.W. 1015; Burgamy v. Davis, Tex.Civ.App., 313 S.W. 2d 365, 368 and Tarrant Wholesale Drug Co. v. Kendall, Tex.Civ.App., 223 S.W.2d 964.

We conclude that all prerequisites for application of the stated rule are apparent in the record. The court correctly held that appellant, by cashing appellee's check, knowing it was tendered upon condition that it be accepted as full payment of appellant's claim, is bound thereby and he cannot maintain this suit for the balance claimed to be due. Industrial Life Insurance Company v. Finley, Tex.Sup., 382 S.W.2d 100.

The judgment is affirmed.