**E. E. COLE, Appellant,**

v.

**Weldon B. JOHNSON, Appellee.**

**No. 3959.**

Court of Civil Appeals of Texas.

Eastland.

March 19, 1965.

354

Fitzjarrald & Poole, J. O. Fitzjarrald, Amarillo, for appellant.

Wayne Bagley, Amarillo, for appellee.

WALTER, Justice.

E. E. Cole filed suit against Weldon B. Johnson for possession of an ice machine and other personal property. Johnson filed a cross action for $147.34 for labor and material used in repairing the machine. Cole answered the cross action by alleging payment of his account in full.

In a non-jury trial, judgment was rendered for Johnson against Cole for $147.34. Cole has appealed. He contends the court erred in rendering judgment for Johnson because the undisputed testimony shows that there was an accord and satisfaction.

Cole testified substantially as follows: I delivered an ice machine and some gear boxes to Mr. Johnson for repair. I have been in this business about six or seven years and I know the reasonable cost of repairs. I had some disagreement with Johnson about the cost of the repairs. I thought the bill he presented was too high. He wanted me to pay him three hundred and some odd dollars. I agreed with him on the cost of repairs and we agreed to settle the bill in full for $200.00. My wife prepared the check for $200.00 and I signed it. The notation "account in full to date" was on the check before I handed it to Mr. Johnson.

The check payable to Johnson for $200.00, signed by Cole was introduced in evidence. Under the printed part of the check which recites "this check is in full settlement of account shown herein, acceptance by endorsement constitutes receipt in full" is the hand written notation "Account in full to date."

Mrs. E. E. Cole testified substantially as follows: I am the wife of the plaintiff in this case. I was at home on March 26th when Mr. Johnson came over to our house and had a talk about his bill for $347.00. I wrote the check and placed thereon the notation "account in full to date" before Mr. Cole signed it. Thereafter Mr. Johnson took the check. The check was later presented to the bank and paid and charged to our account.

Mr. Weldon Johnson, the appellee, testified substantially as follows: I am engaged in the refrigerator business here in Amarillo. I went to Mr. Cole's house on March 26, 1964, at which time Mr. Cole or his wife gave me a check for $200.00. He was asked "Did you have any discussion as to adjustment on that bill at that time" and he answered "I would say there was some discussion on the bill." After I took the check on March 26th, I did not send any more statements to Mr. Cole. I am not going to say that the check introduced in evidence was any different from the picture made when it was cleared through the bank. Mr. Cole and I had a dispute about the bill on March 26th. He did not think he owed me

that much money. Mr. Cole had paid his other bills in full. There was a bona fide argument about how much he owed me on March 26th and I haven't done any more work for him since that time.

In Root & Fehl v. Murray Tool Company, Tex.Com.App., 26 S.W.2d 189, at page 191, 75 A.L.R. 902 (No writ history), the court said:

"It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account."

In Bergman Produce Company v. Brown, Tex.Civ.App., 172 S.W. 554 at page 557, the court quotes from Ruling Case Law, with approval, the following:

"When a claim is disputed, and the debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim, and the creditor accepts the remittance or collects the check without objection, it is generally recognized that this will constitute accord and satisfaction."

See also Groves v. Sawyer, Tex.Civ.App., 384 S.W.2d 193, and Industrial Life Insurance Company v. Finley, Jr. (Sup.Ct.), 382 S.W.2d 100.

We are compelled to hold that the record conclusively shows that all of the necessary elements of accord and satisfaction were established.

The judgment is reversed and judgment is rendered for the appellant.