## M. G. ABERNATHY v. CHARLES L. PICKETT ET AL.

### Decided November 17, 1909.

**1.—Record of Title—Constructive Notice.**

Plaintiff suing for the recovery of land was charged with constructive notice of his grantor's want of title where the facts relating thereto appeared by conveyances in his chain of title, as against defendant's claim as previous purchaser under a deed recorded but defectively acknowledged and of which he had no actual notice, though he did not introduce nor need to introduce such deeds by which the constructive notice was made to appear in his chain of title.

**2.—Same—Estoppel.**

One who purchased land without actual notice of its previous conveyance to another whose deed was recorded though defectively acknowledged, being informed of the existence thereof, made claim against his grantor on the ground that he acquired no title, and received and cashed the grantor's check for money "in full settlement" for the land, which however he did not reconvey. Held, that he was concluded thereby and estopped from recovering the land as an innocent purchaser against those holding it under the previous conveyance, though offering to return to his grantor the money paid by him in settlement.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*H. C. Ferguson* and *W. B. Benson,* for appellant.—The record of the deed of W. E. Rayner to F. E. Wheelock was not legal or constructive notice of its existence to appellant, the certificate of acknowledgment thereto being void because it did not appear therefrom that the grantor in said deed was known to the officer who took and certified the same, nor that he was in any way made known to him. Sayles' Civil Statutes, art. 4617; Dean v. Gibson, 48 S. W., 57; Craddock v. Merrill, 2 Texas, 495.

The court erred in rendering judgment for appellees and in not rendering judgment for appellant, the proof showing conclusively that the certificate of acknowledgment to the deed of W. E. Rayner to F. E. Wheelock, under which appellees claim, was void, it not appearing therefrom that the grantor in said deed was either known or made known to the officer who took and certified said acknowledgment, and that its record was a nullity, and was not legal or constructive notice to appellant of its existence or of any claim of the grantees or their vendees, and that appellant had no actual notice of the existence or contents of said deed, and that he had bought the lots in controversy and paid therefor in cash, at the time of his purchase, the full value

of the same, and obtained a deed of conveyance to said lots with full covenants of warranty of the title to all of said lots, and at the time he did so he believed he was getting a good and valid title to all of said lots. Burleson v. Burleson, 28 Texas, 416; Steed v. Petty, 65 Texas, 495; Taylor v. Tompkins, 1 Texas App., Civ., 588; Gill v. Wilson, 2 Texas App., Civ., 330; Baylor v. Craig, 69 Texas, 333.

*H. C. Randolph,* for appellees.—One claiming under a chain of title is bound by the recitals of the instruments under which he claims. Crawford v. Bonner, 53 Texas, 194; Wallace v. Pruitt, 1 Texas Civ. App., 233; Galbraith v. Engelke, 1 S. W., 346.

Appellant was estopped from recovering the property in controversy by his acceptance of the sixty-five dollars from his warrantor, for the reason that same was accepted by appellant under the agreement that the money was to be a complete settlement of his claim to same, and was in nowise an indemnity.

FISHER, CHIEF JUSTICE.—This is an action of trespass to try title, brought by appellant against Charles L. Pickett, P. B. Penny and E. B. Penny, to recover lots 11 and 13 in block 118 of the town of Lubback.

Defendants filed a general demurrer, general denial and a plea of not guilty, and specially pleaded that plaintiff claims title through a deed from W. E. Rayner and his wife, Alice Rayner, and that he took the title with notice of the claim of the estate of A. J. Shaw, and that subsequently he complained to Rayner of the defect in his title by reason of a prior conveyance under which Shaw claimed the land, and that Rayner refunded to appellant $65, which appellant accepted in payment for the lots in controversy.

To this special plea appellant replied in substance that he had acquired the title to the lots sued for by warranty deed and paid the full value, without actual or constructive notice of any prior conveyance made by his vendor, and believed at the time that he was acquiring good title; that after the payment and purchase of the lots appellees informed him that one Shaw or his estate claimed the lots in controversy under a deed executed by W. E. Rayner, appellant's vendor, prior to the conveyance to the appellant, and that it had been duly registered prior to appellant's purchase, and the appellant, not knowing the truth, and believing these statements to be true, he wrote and demanded from Rayner a conveyance of other lots of equal value in lieu of the lots in controversy, and that Rayner remitted to him $65 and made no demand for a reconveyance, and appellant did not agree to make a reconveyance, and at no time reconveyed or relinquished his title to the lots, and did not accept the money so sent him by Rayner as a return of the purchase money but as an indemnity on his warranty; that the appellant subsequently learned that the deed under which the estate of Shaw then claimed said lots and under which appellees now claim the lots was not duly acknowledged, and therefore was not duly recorded, so as to affect him with constructive notice of its existence, and he thereupon repudiated his acceptance of said money for any purpose. The said Rayner then being dead, he has since and

now holds the money as the property of the estate of Rayner, intending to return it to the estate when a representative is qualified.

The case was tried before the court below and judgment rendered against the appellant and in favor of appellees for the lots on their cross-action. The appellant relies upon the following facts:

1.  A patent from the State of Texas to Hiram G. Ferris, assignee of the T. W. & N. G. Ry. Co., dated June 14, 1878, and recorded in book 6, p. 154 of the deed records of Lubbock County.

2.  Deed from Hiram G. Ferris and wife, Julia E. Ferris, to Frank E. Wheelock and W. E. Rayner, dated January 12, 1891, and recorded in book 5, p. 412 of the deed records of Lubbock County.

3.  Deed of dedication of streets and alleys, with map, from W. E. Rayner and F. E. Wheelock to the public for public use, dated January 15, 1891, and filed January 16, 1891, and duly recorded in the deed records of Lubbock County, platting and mapping the lands described in the above patent and deed in the town of Lubbock, Lubbock County, which shows lots 1 to 20 inclusive, in block 118, as well as other lots and blocks.

4.  A general warranty deed from F. E. Wheelock to W. E. Rayner, dated January 21, 1891, and filed February 29, 1891, and duly recorded, conveying to W. E. Rayner lots 11, 13 and 15 in block 118 of the town of Lubbock.

5.  A general warranty deed from W. E. Rayner and wife, Alice Rayner, to the appellant M. G. Abernathy, dated April 18, 1903, conveying lots 11, 13 and 15 in block 118 of the town of Lubbock, filed and recorded May 4, 1903.

The first four instruments above mentioned were also introduced in evidence by appellees, and in addition the appellees introduced in evidence a deed of date March 9, 1891, from W. E. Rayner to F. E. Wheelock, conveying the lots in controversy. This deed was filed March 16, 1891, and recorded in the deed records of Lubbock County. This deed was not properly acknowledged, but its execution by Rayner was sufficiently established. Appellees also introduced in evidence a deed from F. E. Wheelock to A. J. Shaw, dated August 2, 1904, and filed for record February 25, 1905, which deed was duly recorded in the deed records of Lubbock County, and conveys lots 11 and 13 in block 118. They also introduced a certified copy of the will and order of the Probate Court from the records of Knox County, Illinois, of A. J. Shaw to M. A. Shaw, dated June 18, 1891, and probated in July, 1901, and recorded in book 16 of the records of Lubbock County, devising and bequeathing to M. A. Shaw, his wife, all property of every kind and description which the testator may possess at the time of his death. This will was duly probated, and shows that Shaw died at Galesburg, Ill., the 26th of July, 1901. They also introduced deed from M. A. Shaw to Charles L. Pickett, dated February 15, 1907, filed for record February 21, 1907, and recorded in the deed records of Lubbock County. This deed conveyed all of lots 11 and 13 in block 118 of the town of Lubbock. They introduced warranty deed from Charles L. Pickett to P. B. and E. B. Penny, conveying to them an undivided two-thirds interest in the lots in controversy. Defendants also introduced a general warranty deed from W. E. Rayner to W. R.

Yates, of date April 23, 1901, and filed for record April 27, 1901, and duly recorded in the deed records of Lubbock County, containing the following description of the property conveyed: "All the lots now owned by me in the town of Lubbock, Lubbock County, Texas, in the following blocks, to wit: Block 118, and other blocks in the town of Lubbock, Lubbock County, Texas, as the same appears upon the map of said town recorded in book 5, pp. 384-5 of the deed records of said county," reciting a consideration of $7,000 paid. They also introduced a quit-claim deed from W. R. Yates and wife to Alice Rayner, dated November 23, 1894, filed November 30, 1894, recorded in book 8, page 70 of the Lubbock County deed records, conveying, among others, lots 11, 13 and 15 in block 118 of the town of Lubbock. The deed from W. E. Rayner and wife, Alice Rayner, introduced by the plaintiff, is a general warranty deed dated April 18, 1903, and filed for record May 4, 1903, and conveys lots 11, 13 and 15, block 118, in the town of Lubbock. This being the same deed introduced by the plaintiff as above set out.

The deed from Rayner to Yates and from Yates and wife to Alice Rayner were offered in evidence by the appellees as links in the chain of appellant's title, for the purpose of charging the appellant with notice that Rayner had conveyed to Shaw only such lots as he at that time owned in block 118, and other lots in the town of Lubbock, and that he had nothing left to convey out of that block when he and wife executed the deed to appellant.

On the other issue of fact in the case there is evidence which justifies the conclusion reached by the trial court, that the appellees were not estopped by reason of the facts pleaded by appellant, and that the appellant, when he discovered that Rayner had previously sold the lots, called his attention to that fact and requested a conveyance of other lots in lieu of those in controversy. He was informed by Rayner that he owned no other lots in Lubbock, and he thereupon remitted to appellant the sum of $65, represented by a check which was in Rayner's handwriting, with the following notation in the left-hand corner: "In full payment for lots 11 and 13, in block 118 of the town of Lubbock." This check was received by the appellant and was cashed. The evidence shows that the appellant purchased the lots in controversy for a valuable consideration, and at the time had no actual notice of the conveyance from Rayner to Wheelock, which deed was recorded but not properly acknowledged.

From the facts as stated only two questions arise: First, could the appellant in deraigning title omit the deeds from Rayner to Yates and from Yates and wife to Alice Rayner? Are they instruments in the line of his title which would put him upon notice that Yates only acquired such lots in block 118 as were then owned by Rayner on April 23, 1891, the date of the execution of the deed? As before said, subsequent to this, on November 23, 1894, Yates and wife conveyed the lots in controversy to Alice Rayner. These two deeds were properly recorded prior to the time that W. E. Rayner and wife executed their conveyance to the appellant of date April 18, 1903. We are of the opinion that the existence of these deeds is sufficient to impart notice

to the appellant of the state of Rayner and wife's supposed title at the time that they attempted to convey to him in 1903.

The other question in the case is, in effect, disposed of by the findings of fact. The draft from Rayner to the appellant, which he accepted and cashed, states upon its face that it was in full payment for the lots in controversy. These facts are sufficient to conclude appellant, and he can not relieve himself of the effect of this transaction by now offering to return the money and re-asserting a claim to the lots in controversy. Judgment affirmed.

*Affirmed.*