TEXAS & PACIFIC RAILWAY COMPANY v. SAM POE.

No. 7164.   Decided April 20, 1938.
(115 S. W., 2d Series, 591.)

338

*R. S. Shepard,* of Dallas, and *Mays & Perkins,* of Sweet-water, for plaintiff in error.

Payee in accepting and cashing draft, bearing upon its face that it was given in full and complete settlement and payment for injuries received by the payee constituted an effectual barrier against the payee for damages arising from said injuries. Goodson v. Texas & Pac. Ry. Co., 34 S. W. (2d) 348; Indemnity Ins. Co. v. Kelley, 76 S. W. (2d) 809; People's Ice Co. v. Glenn, 8 S. W. (2d) 735.

*Barker & Cornelius,* of Sweetwater, for defendant in error.

The execution of the release plead as a defense by defendant and the delivery of the check or voucher to plaintiff, both executed at the same time between the plaintiff and the defendant, and both referring to the same subject-matter, should be taken as part of the same contract and the same transaction and should be construed together as one and the same instrument. Hamilton v. Rathbone, 175 U. S. 414; Sanger Bros. v. Brooks, 101 Texas 115, 105 S. W. 37; Wallis v. Beauchamp, 15 Texas 306; Howard v. Davis, 6 Texas 180.

MR. JUSTICE SHARP delivered the opinion of the Court.

Sam Poe sued the Texas & Pacific Railway Company for damages. After hearing the evidence, the jury, in obedience to the peremptory instruction of the court, returned a verdict for the railway company, and judgment was rendered accordingly.

The court of civil appeals at Eastland reversed and remanded the cause. 95 S. W. (2d) 505. A writ of error was granted.

We will refer to the plaintiff in error as the railway company, and to the defendant in error as Poe.

The sole question for decision is whether Poe, who claims to have been injured while in the employment of the railway company, may settle a cause of action therefor by the acceptance and cashing of a draft which recites that it is in full settlement of his injuries, and then maintain a suit for such injuries, in the absence of an agreement to that effect.

The controlling facts are stated as follows: Poe on November 23, 1931, sustained certain injuries while in the performance of his duties as an employee of the railway company. On January 2, 1932, the claim agent of the railway company sent for Poe, and told him that he would give him a draft for time lost between the date of injury and January 1, 1932. The claim agent then wrote out a draft for $160.00 and handed it to Poe. Poe claims that after the draft was received by him, the claim agent asked him to sign for it, and told him that he was receipting for the draft. He did not read what he signed. Poe stated that he did not know he signed a release. Poe's wages were $88.78 per month. The draft given to Poe was for $160.00, and contained the provision: *"In full and complete settlement and payment for personal injuries and damages received at Sweetwater, Texas, November 23, 1931"*; and on the back thereof, in large type: *"Read before endorsing."*

Poe took the draft, and after keeping it three days cashed it; and he still retains the money and makes no unconditional offer to return it to the railway company. Poe also signed a release for the injuries, but stated that he thought it was only a receipt for the draft.

1    The doctrine of accord and satisfaction is well established in the law. All parties capable of making contracts may enter into an accord and satisfaction of a claim, disputed or undisputed. The rule is now universally accepted that all claims arising out of contracts, express or implied, irrespective of their subject-matter, may be the subject of an accord and satisfaction, provided such contracts are not illegal. 1 Tex. Jur., p. 248, Sec. 4; 1 Amer. Jur., p. 217; 1 R. C. L., 179; 1 C. J., p. 524, Sec. 3. This rule is particularly applicable to claims arising from the commission of a tort; which claims are generally of an unliquidated nature, and are almost invariably disputed, not only as to amount, but also as to liability; and it is now universally

accepted that such claims form an ideal subject-matter for settlement by an accord and satisfaction. 1 Tex. Jur., p. 248, Sec. 4; 1 Amer. Jur., p. 217, Sec. 5; 1 C. J. S., p. 481, Sec. 8b On Tort.

2    In 1 C. J. S., p. 462, Sec. 1, a definition of accord and satisfaction is given as follows: "An accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is, or considers himself, entitled to; and a satisfaction is the execution, or performance of such an agreement."

3    It is contended that the issue of fraud was raised as to the execution of the release by Poe, and that such issue also applied to the draft received and cashed by him. There is no controversy about the rule that if the railway company, by its agent, fraudulently induced Poe to sign the release, without reading it or having it read to him, or that he relied upon the statements as to its contents, and such statements on the part of the agent were fraudulent, Poe could avoid such release. 1 Tex. Jur., p. 256, Sec. 11; 53 C. J., p. 1215, Sec. 31; 1 C. J. S., p. 546, Sec. 43.

4    The substance of Poe's contention is that the release signed by him was represented to him as being merely a receipt for the draft, and that he acted on such statements and signed the release. The acceptance of that contention will not relieve him from the effect of the testimony contained in this record. There are other barriers which are insuperable to his recovery. Admitting that Poe signed only a receipt for the draft, the fact remains unchallenged that he received the draft for an amount in excess of his time, and that the draft contains plain and unmistakable words that it was in full and complete settlement of his injuries. The draft also bore on its reverse side, where Poe was to endorse same, the further notice: "Read before endorsing." The evidence is undisputed that he kept the draft in his possession for several days, and that he had ample opportunity to read it and understand its contents. He then cashed the draft and retained the proceeds thereof.

The exception to the rule above cited is fully recognized, and if applicable would control here. Under the facts in this case that exception will not save his cause of action from the general rule above stated, and permit him to recover. The basis of the railway company's defense to Poe's claim in this suit is not narrowed merely to the release signed by him, but such defense also rests on the draft accepted and cashed by him. Under the state of this record, Poe was concluded from a re-

covery against the railway company by the acceptance and cashing of the railway company's draft and the retention of the proceeds. Missouri, K. & T. R. Co. v. Morgan, (Com. App.) 210 S. W. 512; 1 Tex. Jur., p. 281, Sec. 37; 1 C. J. S., pp. 528-533, Sec. 34.

The trial court correctly held that there was no issue of fact for the jury to determine. The court of civil appeals was in error in reversing and remanding the cause. Therefore the judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered April 20, 1938.