Appellant's second motion for rehearing will not be filed.

HAWKINS, P. J., absent.

### TEXAS EMPLOYERS INS. ASS'N v. BOTTOMS.

No. 14822.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 21, 1947.

Nelson, Montgomery & Robertson and Allan D. Montgomery, all of Wichita Falls, for appellant.

Tom M. Miller, of Graham, for appellee.

HALL, Justice.

Appellee William H. Bottoms sued appellant Texas Employers Insurance Association for the sum of $223.10 in the County Court of Young County, Texas. Said amount is alleged to be the difference between the amount appellee received from a settlement and the amount of $485 which he alleges to have agreed to settle his claim for compensation with appellant. There were two issues submitted to the jury.

The court entered judgment for appellee upon the jury verdict after overruling appellant's motion for an instructed verdict and motion non obstante veredicto. From such adverse action of the trial court the appellant perfected this appeal, and relies upon three main points for reversal of the case. First, insufficiency of evidence to sustain the judgment. Second, the court's charge to the jury was a general one, and that the issues submitted were based upon mixed questions of law and facts. Third, estoppel. We will discuss the latter one first, as a determination of it may ascertain as to whether or not it will be necessary to write upon the others.

The compromise settlement agreement approved by the Board reflects the amount of compensation to be paid to appellee by appellant is the sum of $485. It further states that appellant furnished reasonable medical treatment. Nothing was stated therein to indicate that any of said money was to be distributed to the doctors and hospitals that attended appellee during his illness.

The testimony of appellee was to the effect that when he was called into the office of appellant's employee, a Mr. Hill, to receive his check, that he was requested to endorse three checks made payable to him and the doctors and hospitals and sign the release of the claim before he was allowed to see his check. After receiving his check and detecting that it was only for $261.90 instead of the stated amount of settlement, the sum of $485, he complained to the party attending him, but the assistant of Mr. Hill replied that she knew nothing about the details of the settlement, and was merely following the instructions given her by Mr. Hill, who was out of the office at the time on other business; that there was nothing left for him to do but to take the check and go home. He further testified that he cashed the $261.90 check at Graham, Texas, a week later. The other three checks which he endorsed in the office of Mr. Hill were made payable as follows:

(1) W. H. Bottoms and Dr. R. C. McRimmon, $60.

(2) W. H. Bottoms and Drs. Trigg, Trigg & Parsons, $50.

(3) W. H. Bottoms and St. Joseph's Hospital, $113.10.

The total of these checks together with the $261.90, received by appellee, is the sum of $485.

Appellee's contention as alleged in his petition is that he was to receive the whole of $485, as set out in the compromise agreement, and that he had not agreed that the appellant should deduct therefrom the amounts set out in the above three checks, but that appellant had agreed to pay these checks over and above the $485 which he was to receive. Appellant answered in substance as follows: That it was agreed between appellee and appellant that appellee had been off the job some 13 weeks, and

was entitled to receive $20.00 per week, or a total of $260, and that in addition thereto the Insurance Company would include in such settlement an additional amount of money which would be sufficient to pay the doctors' bills and hospital bills. That the settlement was reduced to writing and was thereafter approved by the Industrial Accident Board, and vouchers were issued as indicated above. Said appellant further alleged that none of the above doctors' bills were authorized by the Company and were not in any way connected with the injury sustained by appellee, but that it would pay these bills in compromising the claim, in view of the fact that they were incurred by appellee in having his tonsils removed and dental work done at the same time he was being treated for his injury. Appellant further alleged the fact that appellee made no objection to such distribution of the proceeds until he filed the suit, and therefore is now estopped to allege or maintain that the appellant was not authorized to pay the doctors' and hospital bills out of the proceeds of the settlement; and that appellant would be injured in the sum of the total doctors' and hospital bills if appellee were allowed to recover in this case. Appellant also plead by way of cross action as against the appellee the said sum of $223.20 in the event appellee recovers.

We find the record discloses that appellee had full knowledge of the essential facts necessary to support appellant's plea of estoppel. Appellee knew at the time he cashed the $261.90 check that the same represented the balance of the consideration of settlement, together with the amount of checks which he endorsed to the doctors and hospital, and testified as follows:

"Q. Now, you read what was on that check didn't you? A. Yes, sir.

"Q. Here where it says: 'Being for compromise settlement agreement, Dr. Trigg $50.00, Dr. McRimmon $60.00, St. Joseph's Hospital $113.10, and the balance of $261.90 to you.' You read that before you endorsed and cashed that check, did you not? A. Yes, sir.

"Q. You saw that on there? A. Yes, sir."

He does not claim that he did not understand what the check stood for, but to the contrary, he informed the attendant when he received the check that he thought it was to be for the sum of $485. He further kept the check for a week before he cashed it. He admitted in evidence that there was nothing to keep him from reading the release when he signed it in the office, nor the release as printed on the $261.90 check just above his signature.

■ In the case of Williams v. Texas Employers Insurance Association, Tex.Civ. App., 135 S.W.2d 262, writ refused, the court held that full knowledge of the essential facts is a necessary prerequisite as a basis for estoppel. See 17 Tex.Jur. 138, and Abernathy v. Pickett, 57 Tex.Civ.App. 552, 122 S.W. 579; Schauer et al. v. Von Schauer, Tex.Civ.App., 138 S.W. 145, writ refused; Warren et al. v. Parlin-Orendorff Implement Company et al., Tex.Civ. App., 207 S.W. 586, writ refused.

■ The appellant alleged and proved injury by the conduct of appellee in causing it to cash all of the four checks for the total sum of $485 and then bringing suit to recover the amount paid to the doctors and hospitals for such amount the appellant claims it did not owe. Appellee admitted in his evidence that the bad condition of his tonsils and teeth was not incident to his injury received under employment. Appellee also admitted in his testimony that a conversation took place between him and Mr. Hill, the adjuster for appellant, to the effect that he had been out of employment some 13 weeks, was entitled to the $20 per week, and that this total together with the total of the doctors' and hospitals' bills would be approximately $485, but that he did not agree to settle for that amount. However, he did execute the compromise agreement in that sum. From his testimony it seems that the first time he realized that he would not receive the amount of settlement as he understood it was when he received his $261.90 check, after having signed the release and endorsed the other three checks. But when he cashed the check for $261.90, after endorsing the other three checks, and knowing the full facts and realizing that the

check for $261.90 was not the full amount of the settlement as he understood it, he ratified the transaction as understood by appellant and led it to believe that he understood the transaction to be the same as it did; and allowed all the checks to be paid by appellant, who relied upon such acquiescence. Benskin et al. v. Barksdale, Tex. Com.App., 246 S.W. 360; Root & Fehl v. Murray Tool Co., Tex.Com.App., 26 S.W.2d 189, 75 A.L.R. 902; Texas & Pacific Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591; Panhandle & Santa Fe Ry. Co. v. O'Neal, Tex.Civ.App., 119 S.W.2d 1077, writ refused; Bedner v. Dunigan Tool & Supply Co., 142 Tex. 663, 180 S.W.2d 919; Braxton v. Haney, Tex.Civ.App., 82 S.W.2d 984.

We, therefore, hold that the cashing of the four checks, by the doctors, hospitals and appellee, and the execution of the release by the appellee would now preclude him from recovery in this case, for the following reasons:

First, that he is estopped because he had full knowledge of the consequences of his act. Second, that his cause of action would perpetrate equitable fraud upon appellant, and that such fraud would injure appellant. Third, appellee did not prove fraud, accident or mistake against appellant. In this connection, see Masterson et ux. v. Bouldin et al., Tex.Civ.App., 151 S.W.2d 301, writ refused. We find that Pomeroy's definition of equitable estoppel is also applicable to this case. Tex.Jur., Vol. 17, p. 130.

Even though the appellee thought that his check would amount to $485, exclusive of the doctors' bills, yet when he endorsed the three checks payable to him and the other persons mentioned, and cashed the check for $261.90, thereby ratifying the transaction as set out by the appellant, he was estopped under the above definition and authorities from recovering in this suit.

From what we have held, we deem it not necessary to pass upon the other questions raised by appellant.

For the reasons stated, we conclude that the trial court erred in overruling appellant's motion for an instructed verdict. The judgment for appellee is reversed and judgment rendered for appellant.