**John S. EPPS, Appellant,**

v.

**AETNA CASUALTY & SURETY CO.,
Appellee.**

No. 15368.

Court of Civil Appeals of Texas.

Dallas.

Jan. 17, 1958.

Rehearing Denied Feb. 7, 1958.

Lloyd W. Westerlage, Dallas, and Laurence E. McGee, Jr., Mesquite, for appellant.

R. T. Bailey and James A. Williams, Dallas, for appellee.

CRAMER, Justice.

This is a duly perfected appeal from a final summary judgment against plaintiff Epps in the trial court in his action against defendant Casualty Company to set aside a a compromise settlement agreement based on Epps' claim for hernia benefits, Epps having alleged he received such hernia in the course of his employment with the Casualty Company's assured, Red Bryan's Smokehouse, under the Employers Liability or Workmen's Compensation Act.

After the record was filed in this Court appellee filed a motion to strike the record and dismiss the appeal, based on the following: The judgment sustaining the motion was entered May 31, 1957. Rule 376, Texas Rules of Civil Procedure provides:

"The clerk of the trial court, under written direction of appellant, shall prepare under his hand and seal of the court for transmission to the appellate court a true copy of the proceedings in the trial court, and, unless otherwise designated by agreement of the parties, shall include the following: the material pleadings upon which the trial was had without unnecessary duplication; the order of the court upon any motions or exceptions as to which complaint is made; the charge of the court and the verdict of the jury, or the findings of fact and conclusions of law; bills of exceptions; the judgment of the court; the motion for new trial and the order of the court thereon; the notice of appeal with the date of giving or filing the same; any statement of the parties as to the matter to be included in the record; the bond on appeal; a certified bill of costs; and any filed paper either party may designate as material. The appellant shall promptly file with the clerk and deliver, or mail to the appellee or his attorney a copy of such written direction, and appellee or

any party to the appeal may so file and deliver or mail a written direction to include in the transcript additional portions of the proceedings in the trial court, and the clerk shall comply. Amended by Order of March 31, 1941."

Appellant, by letter dated June 15, 1957 and received by the Clerk June 17, directed the District Clerk to prepare the record but did not mail copy of such letter to appellee, and the first notice appellee had thereof was when he received from this Court notice that the record had been filed here July 31, 1957, the day following sixty days after it was filed and one day after the sixty-day period in which appellee under Rule 376 could file his written direction to the Clerk to include therein additional portions of the proceedings of the trial court. However the cost bill in the record here shows that the only omissions were the citation and Epps' brief in the trial court filed by him in support of his answer to the Casualty Company's motion for summary judgment.

■ Under such record no harm was shown by the ruling complained of in the motion. It is overruled.

On the merits appellant briefed three points of error. In substance, error of the trial court (1) in holding the compromise settlement receipt executed by Epps in favor of the Casualty Company precluded him from setting the agreement aside on the basis of fraud; (2) in holding the compromise settlement receipt executed by Epps precluded him from setting aside the compromise settlement on basis of mutual mistake; and (3) in granting the Casualty Company's motion for summary judgment for the reason that the compromise settlement receipt did not, as a matter of law, constitute a bar to his (Epps') cause of action, since a fact issue was raised thereon.

Apellant's points were countered that there was no error in rendering summary judgment for Aetna Casualty & Surety Company and refusing to set aside the compromise settlement agreement (1) on basis of fraud; (2) or on issue of mutual mistake; (3) and in favor of the Casualty Company (a) there being no genuine issue of fact on the question of whether or not the compromise settlement receipt was procured by fraud, or (b) through mutual mistake; and (4) because there was no genuine issue of fact for the jury, all issues of law and fact being undisputed and in favor of appellee Casualty Company.

All points will be considered together. These points only raise questions as to no evidence to raise the issues of (1) fraud; (2) mutual mistake; and (3) whether or not the settlement agreement did not, as a matter of law, bar this action to set it aside.

The record shows there was evidence that Epps sustained a hernia in the course of his employment and that the doctor did not advise surgery; that Epps then contacted appellee Aetna Casualty Company as insurer of the employer, Red Bryan's Smokehouse, who thereafter told Epps that Dr. Lee told him that the hernia was a minor matter which could be corrected with little trouble and expense and without permanent disability. Epps stated he believed such statement and made the settlement on his belief in said statement and but for such statement he would not have settled.

Sometime thereafter the insurance carrier secured a statement or letter from Dr. Lee and sent it with the compromise settlement agreement to the Board; and after the Board approved such settlement Epps was paid the agreed amount by the insurer. Epps thereafter signed a receipt to the insurance carrier and cashed a $365 check tendered in payment of the award, and executed a receipt therefor on the Board's form.

The Board's order, omitting formal parts, was: "The Board finds the liability of the insurance carrier, or the extent of the injuries of the employee, is uncertain, indefinite and incapable of being satisfactorily established. It is therefore ordered that the compromise settlement agreement be, and the cause is hereby, approved."

Under such record, the claim being in proper form, it was finally compromised and settled by the parties and such settlement was duly approved by proper order of the Board.

Thereafter the amount of the award was paid to Epps and the Board on receiving Epps' executed compromise settlement receipt evidencing such payment on the form furnished by the Board, duly closed the matter by proper order.

The insurer here pleads the compromise settlement receipt as a bar to Epps' further recovery in this suit, and Epps has not sought to show such settlement receipt should be set aside or any reason why it should not be a bar to his recovery here.

Such receipt, unchallenged by Epps, is a bar to him from recovery here, notwithstanding fraud, if any, in the prior transactions on which the settlement between Epps and the Casualty Company of this claim under the agreement approved by the Board.

As stated in Associated Employers Lloyds v. Howard, Tex., 294 S.W.2d 706, 707, syl. 1, in an opinion written by Justice Calvert of our Supreme Court, it was held:

"Even if workman's agreement to settle his claim for additional compensation benefits for sum of $35 had been procured by fraud, there was no duty on part of insurance carrier to send along an explanatory letter or to otherwise explain contents of compromise settlement receipt which it thereafter sent to workman, together with check for $35, reciting that it was payment under compromise settlement agreement; and workman's acceptance of such check and execution of receipt was a bar to his recovery of additional compensation benefits, notwithstanding his claimed illiteracy."

Appellant Epps not having here alleged, nor did he seek to offer evidence to the effect that the settlement receipt itself was tainted with fraud at the time it was signed, is now barred from further recovery under the Supreme Court's holding in the Howard case.

Under the record here, we must overrule appellant's points and affirm the trial court's judgment.

It is so ordered.