**AETNA CASUALTY & SURETY COMPANY, Appellant,**

v.

**Forrest Dwane CARTER, Appellee.**

**No. 3846.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 6, 1963.

Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for appellant.

Warren Burnett, Lee Arnett, Odessa, for appellee.

GRISSOM, Chief Justice.

Forrest Dwane Carter sued Aetna Casualty & Surety Company for the purpose of setting aside a compromise settlement agreement approved by the Industrial Accident Board on February 17, 1960. He obtained a judgment, based on a jury verdict, setting aside that agreement and the insurance company has appealed.

Appellant's first point is that there was a second release which was not set aside that is a bar to any further recovery of compensation. It is undisputed that on February 15, 1960, Carter executed an agreement to compromise and settle his claim for workmen's compensation in consideration of $230.00, to be paid, in addition to $35.00 that had theretofore been paid, and that said agreement was approved by the Industrial Accident Board on February 17, 1960. That agreement was set aside. But, when that agreement was signed the insurance company issued a check to Carter for $50.00. Thereafter it issued a second check to Carter for $180.00, the remaining part of the consideration for the compromise settlement, which was received by him on February 20, 1960. About two days thereafter he endorsed and cashed that

check and signed a receipt thereon, which provided that:

"When properly endorsed this draft becomes and constitutes a receipt for compensation benefits stated on the face hereof, and is an acknowledgment of full compromise settlement, accord and satisfaction of all compensation and claims for compensation which the Payee has or could have against the Payer by reason of injuries received by the Payee."

No doctor, or insurance company representative, talked to Carter when he cashed the check and signed that agreement. This second release was pointed out before the trial by pleadings, during the trial by pleadings and evidence, and by objections to the charge, by motion for judgment non obstante veredicto and by motion for a new trial. Despite all of this, said receipt, or second release, was wholly ignored. It was then and is now asserted as a bar to recovery of further compensation by appellee and as now requiring a reversal and rendition of the judgment.

In appellant's amended answer said receipt, or second release, was expressly pleaded and reference was made to a copy thereof attached to its pleadings. In appellant's trial amendment it was alleged that the receipt and second release executed by Carter when he cashed the $180.00 check was a valid and subsisting release and a bar to recovery. Reference was made therein to said receipt, or second release, fully set forth in plaintiff's pleading. Defendant's motion for an instructed verdict contained the following:

"11. A release and ratification and confirmation of the compromise settlement agreement, contained on the check (Def. Ex. C) endorsed properly and cashed a day or two after receipt on January 20, 1960, (Ex. D) by registered mail has not been attacked or refuted in any manner, and such second and subsequent release stands as a bar to any possible recovery of a judgment

by the plaintiff in this case. The exact words of the second release or ratification, or compromise settlement receipt are as follows:

" 'When properly endorsed this draft becomes and constitutes a receipt for compensation benefits stated on the face hereof, and is an acknowledgment of full compromise settlement, accord and satisfaction of all compensation and claims for compensation which the payee has or could have against the payer by reason of injuries received by the payee.

> Forrest D. Carter
> Payee'

"There is no evidence, and in the alternative, insufficient evidence to show any fraud on the part of the defendant or its agents or representatives inducing the plaintiff to accept and cash the $180.00 check (Ex. C) and execute the compromise settlement receipt on it some 6 or 7 days after going to the Midland office of Aetna on January 15, 1960, and since the plaintiff has wholly failed to plead or prove grounds to invalidate this second release, it is a bar to a recovery of any additional compensation benefits, and the original compromise settlement agreement stands ratified and confirmed under the evidence in this case."

This pleading was substantially repeated in defendant's motion for judgment non obstante veredicto. It was set forth in defendant's motion for new trial in the following manner:

"Once more, and admittedly and particularly as repetition, the defendant points out to the court that there was a receipt and release on the final check, which is set out twice above, and under the Supreme Court case of Associated Employers Lloyds v. Howard [156 Tex. 277], 294 S.W.2d 706, and the Civil Appeals opinion of Epps v. Aetna [Cas. & Sur. Co.], 309 S.W.2d 555, which previously have been cited to the court,

and which, contrary to convention are cited in this Motion, the plaintiff has failed to complete the matter of voiding the Compromise Settlement Agreement. The plaintiff had two agreements to void, and he has attempted to void only the first, and the second one still stands as a complete bar to a judgment for the plaintiff in this case."

It is evident that said second release was pointed out at all stages of the trial as being an insuperable barrier to further recovery, unless it, also, was set aside. This is a stronger case on the facts, so far as the defense of the receipt, or second release, as a bar to further recovery of compensation, is concerned, than is shown in Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706, 708. There, it was stated that there was no evidence tending to show any fraud on the part of the insurance company in inducing the claimant to accept and cash a check and execute the same kind of a compromise settlement receipt after the claimant had executed a compromise settlement agreement. The Court said that:

"Inasmuch as respondent has wholly failed to plead or prove grounds for invalidating his release of April 30th (which was the receipt or second release) the same is a bar to the recovery of additional compensation benefits and it is immaterial that he was induced by fraud to execute the Compromise Settlement Agreement."

The judgment setting aside both the compromise settlement agreement and the release was reversed and judgment was rendered that the claimant take nothing, because there was no evidence that fraud induced execution of the second release. Here, Carter, notwithstanding the fact that it was repeatedly pointed out that the insurance company was asserting that the second release Carter executed when he cashed the check barred his recovery, asserted no fraud, either by pleading or evidence, as an inducement to his execution of the second release.

In Epps v. Aetna Casualty & Surety Company, Tex.Civ.App., 309 S.W.2d 555, 557, (Ref. N.R.E.), the insurer asserted the same kind of release as a bar to further recovery of compensation and the claimant made no attempt to show that it, also, should be set aside, or why it should not bar his recovery and, upon authority of the Howard case, the Court held that, notwithstanding fraud in obtaining the prior compromise settlement agreement, such receipt was a bar to further recovery by the claimant. See also Texas & P. Ry. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591, 592; Morris v. Millers Mutual Fire Insurance Company of Texas, Tex.Civ.App., 343 S.W.2d 269, 271, and Leonard v. Hare, 161 Tex. 28, 336 S.W.2d 619, 621.

Despite the fact that he has been granted four extensions of time to file a brief, appellee has not filed a brief and did not argue the case when it was submitted.

The judgment is reversed and judgment is rendered for appellant.