**The STATE of Texas, Appellant,**

v.

**James Marion COOK et al., Appellees.**

**No. 4535.**

Court of Civil Appeals of Texas.

Waco.

Oct. 13, 1966.

Rehearing Denied Nov. 10, 1966.

Waggoner Carr, Atty. Gen. of Texas, David L. Boles, Asst. Atty. Gen., Austin, for appellant.

Dunnam & Dunnam, Bedford D. Edwards, Waco, for appellees.

## OPINION

WILSON, Justice.

In this condemnation case the condemnor complains, as we understand, that the lessee and the fee owner agreed as to lessee's interest in the recovery after the evidence was concluded; and agreed that the former would look to the latter for his compensation, thereby obviating the necessity of submitting issues · to the jury as to lessee's damages. Condemnor's actual lament, as we comprehend it, is that its motion for instructed verdict based on failure of proof of these damages was thereby emasculated.

■ Deducing that since the lessee utilized peremptory jury challenges and cross-examined witnesses before abandoning his adverse position, he is debarred from settlement, appellant implies that having been afforded these privileges as an involuntary party joined at its instance, lessee must go down to the wire as an adversary, or suffer a peremptory instruction.

Objection was not made at the trial. There is nothing in the record to indicate any collusion, mala fides, or circumventing of orderly procedure; nor is there a showing that harm resulted. We find nothing to show the agreement was unauthorized or improper.

Beyond this, the condemnor is not concerned with the division or apportionment of the recovery since lessor and lessee are satisfied. See 166 A.L.R. 1211 et seq.; 22 Tex.Jur.2d Sec. 146.

■ Friendly composition of controversy is encouraged, not impeded, by judicial policy. Ross v. Seip, Tex.Civ.App., 154 S.W.2d 958, writ ref.; Betty v. Tuer, Tex. Civ.App., 292 S.W. 271. Appellant's other points concerning existence or sufficiency of supporting evidence have been considered and are overruled.

Affirmed.