The **FIDELITY–SOUTHERN FIRE INSURANCE COMPANY, Appellant,**

v.

**G. G. WHITMAN, Appellee.**

**No. 14.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 6, 1967.

Rehearing Denied Jan. 3, 1968.

Talbert, Giessel, Barnett & Stone, and Alice Giessel, Houston, for appellant.

Joseph D. Jamail, John Gano, William J. Stradley, Houston, for appellee.

TUNKS, Chief Justice.

On November 20, 1963, appellee's home and its contents were damaged by fire. On such date there was in force a fire insurance policy covering this loss, which policy was issued by appellant insurance company.

During the afternoon of November 20, 1963, after the fire, appellee and one J. R. Smith, claims manager for appellant, met at the premises and conducted a preliminary investigation of the damage done. On that occasion there was a general discussion between Smith and appellee concerning the coverage afforded by the insurance policy in question. It was generally understood and agreed at that time, and at later dates, that the policy covered, within limits, the fire damage to appellee's house, the fire damage to the contents of appellee's house, appellee's additional living expense while his house was being repaired, the damage to the trees and shrubbery on appellee's lot and certain items that were pilfered or stolen from appellee's premises following the fire.

On November 22, 1963, appellee went to the office of J. R. Smith for the purpose of discussing his claim under his insurance policy. According to appellee's version of that conference on that occasion, he informed Smith that he was without sufficient available funds to meet the emergency with which he was confronted and sought to have a partial payment made on his claim. Appellee's testimony is to the effect that he and Smith then agreed that his house

had been damaged at least $5,500.00, that he had sustained a loss of at least $1,000.00 to the contents of his house and that he would incur additional living expense while deprived of the use of his house in the amount of at least $220.00.

On the occasion of such conference, appellee was furnished with two proof of loss forms which he, with Smith's assistance, filled out and signed. On one of the forms the damage to the house was shown at $5,550.00. On the other, the damage to the contents of the house was shown at $1,000.00 and the additional living expense to be incurred was shown at $220.00. Appellant's check in the amount of $1,220.00 was issued and delivered to appellee. He endorsed and cashed the check. Later, appellee authorized a contractor to repair his house. Appellant issued its check in the amount of $5,550.00 to appellee's contractor and mortgagee (as authorized by the proof of loss signed by appellee) in payment of the cost of those repairs.

Appellant contends that at the November 22, 1963, conference, there was a compromise and settlement of appellee's claim under his policy and that the proof of loss forms signed by appellee and the checks endorsed by appellee and his contractor contained releases of appellee's said claim as compromised.

Appellee contends that the payments made to him and his contractor pursuant to the November 22, 1963 conference, were only partial payments of his loss and that it was agreed that additional and full payment would be made after the full extent of his loss was determined.

Soon after the conference of November 22, 1963, between the appellee and Smith, the appellee authorized a contractor to begin the work of repairing his house. Those repairs were completed sometime after the middle of January, 1964, and it was not until that time that appellee was again able to occupy his house. Appellee signed a document accepting the house as repaired, which document was presented by the contractor to appellant and the contractor was paid the sum of $5,500.00 for making such repairs.

About the last of January or first of February, 1964, appellee again called on Smith for the purpose of requesting additional payments for his loss under his policy. On that occasion Smith took the position that the claim had been compromised and fully paid and declined to accept liability for additional payments. He did, however, on appellee's request, furnish appellee with additional proof of loss forms. Those proof of loss forms were fully and formally executed under oath by appellee and showed the losses to be: to the house, $7,550.00; to the contents of the house, $2,688.60; for additional living expense incurred, $445.00; and damage to shrubbery, $80.00, making a total of $10,763.60. The proof of loss form indicated a credit to the insurance company of $6,770.00 already paid, leaving a balance due, according to appellee's revised proofs of loss, in the amount of $4,043.60. Appellant having refused the claim, this suit was instituted by appellee to recover the balance of his claimed loss.

In the trial court the jury found that Smith and the plaintiff agreed that the payments of $5,500.00 and $1,220.00 would not be in full settlement of all of the plaintiff's claims under the policy, but that the $5,500.00 payment to his contractor paid for full restoration of his house. As to the other items claimed by him, the jury's findings were as follows: appellee incurred outside living expense in excess of the amount paid him on November 22, 1963; appellant's agent, Smith, represented to appellee that the check issued to plaintiff in the amount of $1,220.00 was "only in partial payment of the losses to plaintiff of his personal property and for outside living expense and that additional payment would be made for any such other losses"; that plaintiff executed the instruments in question (the proof of loss forms and the

endorsement on the check issued him) in reliance upon such representation; that the actual value to plaintiff of the personal property lost, damaged or destroyed by the fire was $2,589.20; that the reasonable necessary increase in living expense incurred by plaintiff as a result of the fire was $445.00; that between November 22, 1963, and the time plaintiff moved back into his house, personal property was stolen from or mysteriously disappeared from the premises; that the actual value of such stolen property was $99.40; and that the value of the trees, shrubbery and lawn lost, damaged or destroyed by the fire was $80.00.

Appellee moved for judgment on the verdict.

Appellant filed a motion for judgment non obstante veredicto upon, in substance, the following grounds: there was no evidence that Smith told appellee that the $1,220.00 payment was only a partial payment of the damage to the contents of this house and additional living expense. There was no evidence that appellee relied on any such statement by Smith. The evidence showed as a matter of law that appellee had executed a valid binding release of his claim under his policy.

The trial court rendered judgment on the jury's verdict for the total amount of those sums so found by the jury to have been lost by appellee as a result of the fire in question, less the $1,220.00 previously paid on those items.

Appellant, within ten days of the day the judgment was signed, filed a motion for new trial. There were only two grounds stated in that motion for new trial. One was that there was insufficient evidence to support the jury's finding that Smith had told appellee that the $1,220.00 payment was only a partial payment; the other was that there was insufficient evidence to support the jury's finding that appellee relied on any such statement in signing the documents alleged to be releases.

No amended motion for new trial was filed by appellant.

The transcript originally filed in this case did not reflect that any action was taken by the trial court on defendant's motion for judgment non ' obstante veredicto. There was no order denying such motion. We therefore held that only those points of error predicated upon assignments in the motion for new trial were properly before the court. We held that those points of error germane to the assignments in the motion for judgment non obstante veredicto, which motion had not been presented to nor ruled on by the trial court, were not proper subject for our consideration. Since the motion for new trial only related to the sufficiency of the evidence to support the jury's findings as to Smith's representation and the plaintiff's reliance thereon, and since we found that there was sufficient evidence in the record to support such findings, we affirmed the judgment of the trial court.

The appellant later, acting pursuant to Rule 316, Texas Rules of Civil Procedure, on the sixth day of November, 1967, procured from the trial court an order overruling and denying its motion for judgment non obstante veredicto, nunc pro tunc, as of January 23, 1967. In that order, it is recited that the motion for judgment non obstante veredicto came on for hearing and consideration with due and appropriate notice to all interested parties and their counsel and recited that the motion was overruled and denied.

In accordance with Rule 428, T.R.C.P., we have heretofore given leave to file supplemental transcript which contained a copy of the trial court's ruling overruling, nunc pro tunc, appellant's motion for judgment non obstante veredicto. We, therefore, now have properly presented to us for our consideration, appellant's points of error based upon the proposition that appellee has executed a valid binding release which precludes the entry of judgment for him.

The check given appellee by Smith on November 22, 1963, had on it the following language:

"THE FIDELITY-SOUTHERN FIRE INSURANCE
COMPANY OF HOUSTON-CLAIMS ACCOUNT
P. O. Box 3085
Houston 1, Texas

C 06740

Date _____ November 22, 1963

Pay to the
Order of _____ G. Gordon Whitman and wife, Mildred G. Whitman

The sum of _____ EXACTLY $1220 and 00cts _____ Dollars _____ $1,220.00

in full settlement of ( ) any and all claims ( ) service rendered (x) fire damage to personal property & additional living expense

| Coverage | Loss | Adj. Exp. | Loss Date | Insured | Agent |
|----------|------|-----------|-----------|---------|-------|
| Fire | 1,000.00 | | 11/20/63 | G. Gordon Whitman | Holland Insurance Agency |
| PLF | 220.00 | | Policy No. H 91779 | The Fidelity-Southern Fire Insurance Company of Houston-Claims Account | |

Payable through ⇶→ National Bank of Commerce
of Houston _____ 35-60
Houston, Texas _____ 1130

/s/ Dee Valentine

:1130-0060: 064-9244 0000122000"

The endorsement on the back of the check appearing above the signature of appellee and his wife, is in the following language:

"By endorsement hereof payee hereby releases all claims arising out of the occurrent referred to on the face hereof against

Fidelity-Southern Fire Insurance Co. of Houston

and where applicable, it's insured

/s/ Mildred G. Whitman
/s/ G. Gordon Whitman"

The acceptance of the check and its endorsement constituted a full settlement and release of all claims arising out of fire damage to personal property and additional living expense. It is unambiguous. Under those circumstances, testimony to the effect that Smith told appellee that the check was "only in partial payment of the losses" was violative of the parol evidence rule. McCormick and Ray, Tex. Law of Evidence, 2d Ed., Sec. 1612. The jury's findings that Smith had made such a statement, and that appellee had relied on it and that appellee and Smith agreed (contrary to the plain language of the written instrument) that the payment of the $1,220.00 would not be in full settlement, did not constitute a basis for disregarding the settlement and release and for rendition of judgment in plaintiff's behalf. Cannon v. Pearson, 383 S.W.2d 565 (Tex.Sup.Ct.); Connell v. Provident Life & Acc. Ins. Co., 148 Tex. 311, 224 S.W.2d 194; Texas & P. R. Co. v. Poe, 131 Tex. 337, 115 S.W.2d 591.

The jury also found, in response to a special issue submitted to it, that the appellee and the appellant's agent, Smith, were mutually mistaken in that they both believed that plaintiff's home would be sufficiently reconstructed by Christmas of 1963, for plaintiff's occupancy. Appellee suggest that the finding, showing a mutual

mistake, is sufficient in law to nullify and avoid any purported settlement and release in this case.

In Walton v. Steffens, Tex.Civ.App., 170 S.W.2d 534, err. ref., the defendant, lessee, sought to avoid liability for rentals under his lease alleging that there was a mutual mistake in that all of the parties to the lease contract believed that the land in question was, and would be located on a road that was to be made a four-lane paved road and would be the main entrance to Camp Bowie. The trial court refused to submit issues on mutual mistake and the appellate court held that there was no error in so refusing. In support of its holding, the appellate court quoted Pomeroy's Equity Jurisprudence, 3rd Ed., Sec. 855, as follows:

"When parties have entered into a contract or arrangement based upon uncertain or contingent events, purposely as a compromise of doubtful claims arising from them, and where parties have knowingly entered into a speculative contract or transaction,—one in which they intentionally speculated as to the result,—and there is in either case an absence of bad faith, violation of confidence, misrepresentation, concealment, and other inequitable conduct mentioned in a former paragraph, if the facts upon which such agreement or transaction was founded, or the event of the agreement itself, turn out very different from what was expected or anticipated, this error, miscalculation, or disappointment, although relating to matters of fact, and not of law, is not such a mistake, within the meaning of the equitable doctrine, as entitles the disappointed party to any relief either by way of cancelling the contract and rescinding the transaction, or of defense to a suit brought for its enforcement. In such classes of agreements and transactions, the parties are supposed to calculate the chances, and they certainly assume the risks, where there is no element of bad faith, breach of confidence, misrepresentation, culpable con-

cealment, or other like conduct amounting to actual or constructive fraud."

There is no probative evidence of any fraud committed by Smith which caused plaintiff to believe that his house would be completed and ready for occupancy by Christmas of 1963. In fact, the jury's finding is to the effect that Smith, too, believed that the house would be so completed at such date.

■ The erroneous estimate of Smith and the appellee, as to the date at which his house would be completed, is not a mutual mistake of such character as to justify disregarding the written document in settlement and release of plaintiff's claim under his policy. If such were the law, almost any unliquidated claim, where the full extent of injuries was contingent on future developments, would be impossible of any legally enforceable compromise, settlement and release. Such a holding would be in direct conflict with the policy of the law to the effect that voluntary settlements of disputed claims are to be favored. Gilliam v. Alford, 69 Tex. 267, 6 S.W. 757; State v. Cook, Tex.Civ.App., 407 S.W.2d 876, ref., n. r. e.; Pearce v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 403 S.W.2d 493.

■ One item of loss covered by the policy and found by the jury to be $99.40 was the value of property which was stolen or mysteriously disappeared from the plaintiff's premises after the fire. We are of the opinion that such loss was not covered by the language of the settlement and release and that the plaintiff is entitled to recover from the defendant in the amount of that loss.

Our earlier opinion in this case, wherein we held that the judgment of the trial court was affirmed, is withdrawn, and the judgment of the trial court is reversed and judgment is hereby rendered that plaintiff recover $99.40, together with costs in the trial court. Costs of appeal are adjudged against appellee.