# Supreme Court of Texas

No. 25-0131

The Bryant Law Firm and Deborah E. Bryant,

*Petitioners*,

v.

Robert Walker,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

A lawyer tendered a fee refund check bearing a conspicuous statement of release in an attempt to settle a dispute with a dissatisfied client. The client rejected the release by crossing out the statement before depositing the check. A divided court of appeals concluded the lawyer failed to establish her affirmative defense of accord and satisfaction. We disagree. A dispute existed between the parties. The lawyer tendered payment of a lesser amount conditioned upon settlement of that dispute. Because the client accepted the payment with knowledge of this condition, the obligations forming the basis of the

dispute are discharged. We reverse the court of appeals' judgment and render judgment for the lawyer.

**I**

In July 2017, Robert Walker retained Deborah Bryant of the Bryant Law Firm, seeking to terminate his child support obligations. For over a year, Bryant billed Walker for her services and assured him that she was making progress on his case. Increasingly skeptical of these assurances, Walker discovered that the pleadings Bryant prepared on Walker's behalf were filed in an earlier suit that the trial court had dismissed in April 2017.

Upon this discovery, Walker terminated the attorney–client relationship. He emailed Bryant, asserting that he was "out . . . over . . . $3000 (not including [his] monthly child support payments)." Walker demanded a "refund of all [his] monies." Bryant responded with a release agreement, explaining that she would close Walker's case file, return his original documents, and send a refund check by certified mail upon receipt of the signed release. Bryant also urged Walker to review the release agreement with an attorney before signing it. After Bryant did not hear from Walker for several days, she notified him that she had mailed his refund, the documents, and the release to be signed and returned. The check was for $3,300, and its memo line stated: "CASH OF THIS CHECK REPRESENTS A FULL & FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS AGAINST [BRYANT] & [THE BRYANT LAW FIRM] AND REFUND OF ALL ATTORNEY'S FEES ON [THIS MATTER]." Walker crossed out this language, deposited the check, and declined to sign or return the release agreement. He retained

2

new counsel for his child support case, and the trial court terminated his support obligations in 2019.

Walker sued Bryant for violations of the Deceptive Trade Practices Act, negligence, and breach of fiduciary duty. He sought reimbursement for child support payments that accrued during Bryant's representation and exemplary damages. Bryant answered with a general denial and raised affirmative defenses, including accord and satisfaction and release. The case proceeded to trial. Bryant moved for a directed verdict on her accord and satisfaction defense. The trial court denied the motion and directed a verdict for Walker on all of Bryant's affirmative defenses, including accord and satisfaction. The jury returned a verdict in favor of Walker, awarding $6,600 for the child support payments and $50,000 in exemplary damages. The jury also rejected Bryant's breach of contract and intentional infliction of emotional distress counterclaims. Bryant moved for a judgment notwithstanding the verdict and a new trial based on accord and satisfaction.[1] Both motions were overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

The court of appeals affirmed, holding that the trial court did not err in denying Bryant's motion for a directed verdict on her affirmative defense of accord and satisfaction. ___ S.W.3d ___, 2024 WL 2150099, at *1 (Tex. App.—Houston [14th Dist.] May 14, 2024). In its view, the evidence did not conclusively establish that a bona fide dispute existed between the parties at the time Bryant tendered payment. *Id.* at *5-7.

---

[1] Bryant did not challenge the legal sufficiency of the evidence with respect to the jury's verdict rejecting her counterclaims.

3

The court also held that the check's language releasing "all claims" exceeded discharge of "the claim" as the Uniform Commercial Code contemplates. *Id.* at *6. Finally, the court held that Walker's refusal to sign the release and intentional strike-through of the release language on the check demonstrated a lack of mutual assent. *Id.* at *7. One justice dissented. He would have held that Bryant demonstrated an accord and satisfaction defense as a matter of law. *Id.* at *13 (Zimmerer, J., dissenting).

## II

A defendant is entitled to judgment as a matter of law when the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). When a party moves for judgment as a matter of law, we review the evidence "in the light most favorable to the nonmovant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Thus, Bryant must show that the evidence conclusively proves her accord and satisfaction defense and that no reasonable jury could conclude otherwise. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009).

"[A]ll claims arising out of contracts, express or implied, irrespective of their subject matter, may be the subject of an accord and satisfaction . . . ." *Tex. & Pac. Ry. Co. v. Poe*, 115 S.W.2d 591, 592 (Tex. 1938). Similarly, tort claims are an "ideal subject matter" for the defense, as they are "generally of an unliquidated nature, and are almost

4

invariably disputed, not only as to amount, but also as to liability." *Id.* "The accord and satisfaction defense rests upon a contract, express or implied, in which the parties agree to the discharge of an existing obligation by means of a lesser payment tendered and accepted." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000). Under the common law, "there must be a dispute and an unmistakable communication . . . that tender of the reduced sum is upon the condition that acceptance will satisfy the underlying obligation." *Id.*

Business and Commerce Code Section 3.311, codifying the Uniform Commercial Code, also provides a statutory defense in cases involving negotiable instruments. *See 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 383 (Tex. 2011) (noting that a check is a type of negotiable instrument). A claim is discharged if the defendant proves:

(1) [the defendant] in good faith tendered an instrument to the claimant as full satisfaction of the claim;

(2) the amount of the claim was unliquidated or subject to a bona fide dispute; and

(3) the claimant obtained payment of the instrument.

TEX. BUS. & COM. CODE § 3.311(a). The defendant must also prove that "the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim" or that the claimant "within a reasonable time before collection of the instrument was initiated . . . knew that the instrument was tendered in full satisfaction of the claim." *Id.* § 3.311(b), (d).

5

The evidence in this case conclusively establishes the negotiable instrument defense. First, Bryant tendered a check to Walker conditioned on a "full & final settlement and release of all claims" against her. In doing so, she urged Walker to review the accompanying release agreement with an attorney before proceeding. *See id.* § 1.201(b)(20) ("Good faith . . . means honesty in fact and the observance of reasonable commercial standards of fair dealing."); *see also* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests . . . ."). The full release agreement identifies the $3,300 payment as consideration for the release of:

> any and all Texas State Bar Grievance actions, including but not limited to legal malpractice causes of action, Texas Deceptive Trade Practices Act causes of action, attorney fees claims, and any other legal causes of action, or other damages claims, and any and all other causes of action of whatever nature, on any legal theory whatsoever arising out of the legal representation . . . .

The court of appeals objected that the language on the check was not specific to "*the claim*" asserted by Walker because it released "all claims." 2024 WL 2150099, at *6. We do not agree that the statute confines accord and satisfaction to release of one claim and one claim only. *See* TEX. GOV'T CODE § 311.012(b) ("The singular includes the plural and the plural includes the singular."). As the accompanying release makes clear, Bryant tendered the payment to release claims "arising out of the legal representation," not far-flung, unrelated future claims.

6

Second, a bona fide dispute as to the amount Bryant owed Walker existed as a matter of law. Bryant tendered an amount equivalent to a refund of her fees, but Walker claimed Bryant's malpractice also caused him to make child support payments beyond his court-mandated obligations.

The court of appeals held that Walker did not make a claim for child support incurred during Bryant's representation when he requested a refund and thus no bona fide dispute between the parties existed. 2024 WL 2150099, at *5-6. Terminating child support, however, was the reason Walker hired Bryant. Her failure to obtain termination is the express reason he discharged her. In his email terminating the relationship, Walker claimed he was "charged unreasonable amounts for services" and was "currently out of over an additional $3000 (*not including* [*his*] *monthly child support payments*)" with "nothing to show for it." (Emphasis added).

The accompanying release and Walker's testimony bears out the existence of a dispute. The full release thoroughly and expressly identifies that Walker may have other claims for damages beyond a refund. Walker reviewed the release and the check with an attorney before depositing the check. Walker testified that his intent in striking through the release language on the check was to preserve his right to sue "for the additional moneys that she owed [him]." At the time Walker deposited the check, he believed he was entitled to more than a refund of the fees paid to Bryant. The continued accrual of child support payments formed the basis of his dissatisfaction with Bryant's representation. The evidence conclusively establishes the existence of a

7

"legitimate dispute between the parties about what was expected." *Lopez*, 22 S.W.3d at 863 (quoting *Bueckner v. Hamel*, 886 S.W.2d 368, 372 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).

The parties do not dispute that Walker obtained payment when he received the check. The memo line on the check states that "cash of this check represents a full and final settlement & release of all claims." The memo notation is a conspicuous statement of release under Section 3.311(b). "'Conspicuous,' with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." TEX. BUS. & COM. CODE § 1.201(b)(10).

Walker admitted he read the release language on the check and understood that cashing it would be "a full and final release against" Bryant, satisfying the actual knowledge requirement of Section 3.311(d). Walker's intentional strike-through of the notation on the check does not relieve him of the legal consequence of negotiating it and depositing it into his account. For more than a century, our Court has held that mutual assent is satisfied when a party accepts a negotiable instrument with knowledge it is offered as full payment and then proceeds to negotiate it. *See Indus. Life Ins. Co. v. Finley*, 382 S.W.2d 100, 104-05 (Tex. 1964) (collecting cases).

The facts of this case are analogous to *Finley*. There, the plaintiff sued his former employer after depositing a check containing a notation that it was in "full payment of all money due." *Id.* at 103. Similar to Bryant's tender, the employer in *Finley* sent the check accompanied by a letter stating the check was a "full and final settlement." *Id.* In

8

rejecting the plaintiff's claim, we described the claimant's choice as "either to accept the check as full payment of its debt, or to return same, unaccepted, and hold [the defendant] for its full claim." *Id.* at 105 (quoting *Buford v. Inge Constr. Co.*, 279 S.W. 513, 516 (Tex. App.—Dallas 1925, no writ)). By choosing the former option, payment is accepted "under the sole condition on which it was tendered"; "mental attitude cannot control the effect of the said act." *Id.* (quoting *Buford*, 279 S.W. at 516); *see also Case Funding Network, L.P. v. Anglo-Dutch Petrol. Int'l, Inc.*, 264 S.W.3d 38, 51 n.10 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (noting that a claimant cannot avoid the accord-and-satisfaction defense by modifying the check). To preserve his claims, Walker could have returned the check. Once he accepted and deposited the check with knowledge of its accompanying conditions, however, mutual assent was satisfied. We hold that Bryant met the statutory elements of the accord and satisfaction defense as a matter of law. Bryant also established the defense under the common law, as Walker accepted payment in an amount less than he believed he was entitled to receive. *See Finley*, 382 S.W.2d at 104 (explaining that an accord and satisfaction discharges a claim "by means of the lesser payment tendered and accepted").

Finally, Bryant asks us to render judgment on her breach of contract and intentional infliction of emotional distress counterclaims rejected by the jury. Bryant's briefing does not demonstrate that she challenged the jury's verdict rejecting her counterclaims in the trial court or asked for judgment notwithstanding the verdict on these claims. TEX. R. APP. P. 33.1(a). Bryant also does not address the court of appeals'

9

holding that she waived her arguments relating to her intentional infliction of emotional distress claim. The remainder of the court of appeals' judgment is therefore affirmed.

*　　*　　*

Under the accord-and-satisfaction doctrine, a claimant may not alter the conditions under which a party tenders payment, accept the payment, and continue to sue for claims covered by a release. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the judgment of the court of appeals in part, and render judgment that the parties take nothing on their respective claims.

**OPINION DELIVERED:** May 8, 2026